HULSWIT v. ESCANABA MANUFACTURING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY OF MASTER WHERE SERVICES WHOLLY PERFORMED OUTSIDE OF STATE.

An employer who has voluntarily become subject to the provisions of the workmen's compensation act may not avoid liability thereunder for an employee's accidental death in a foreign State on the ground that the contract of employment contemplated that all of the services thereunder were to be performed in foreign States, since the relation of employer and employee under said act is contractual and the provisions of the act are to be read into the contract of employment, which is a Michigan contract enforceable by a Michigan tribunal, and the rights of the employee thereunder accompany him wherever he goes within the scope of his employment.

On constitutionality of provisions of workmen's compensation acts which are limited to residents of the State, see note in 12 A. L. R. 1207.

2. SAME—VIOLATION OF MASTER'S INSTRUCTIONS — PROOF — SUFFI-
   CIENCY.

> Defendant's claim that it was not liable because, at the
> time of the accident resulting in his death, deceased was
> violating its instructions by traveling in an automobile
> instead of by train, *held*, not supported by competent proof
> that such instructions were given.

Certiorari to Department of Labor and Industry.
Submitted April 25, 1922. (Docket No. 107.) De-
cided June 5, 1922.

Esther C. Hulswit and others presented their claim
against the Escanaba Manufacturing Company for the
accidental death of their decedent in defendant's em-
ploy. From an order awarding compensation, defend-
ant brings certiorari. Affirmed.

*H. J. Rushton,* for appellant.

*Charles A. Watt (William K. Clute,* of counsel), for
appellees.

BIRD, J. Defendant is a manufacturer of wooden
wares in the city of Escanaba. C. Fred Hulswit was
employed by defendant in the fall of 1918 to sell its
wares. A part of his territory lay in Michigan and
a part in Indiana. In January, 1919, he made a new
contract with defendant to go to the west coast and
represent defendant in the States of California, Ore-
gon, and Washington. In pursuance of this contract
he went to those States and began his work. Upon
at least a portion of his territory he used an auto-
mobile. While so traveling in November, 1920, he
met with an accident in which he lost his life. De-
fendant being subject to the Michigan workmen's
compensation law, plaintiff, his widow, and his two
children by a former wife, made an application for a
death award. After the usual proceedings the de-
partment of labor and industry granted plaintiffs'

petition. Defendant has removed the proceedings to this court by writ of certiorari, and raises the question

"that the department of labor and industry has no jurisdiction, or authority, under the statute in force at the time of this accident, to award compensation to the dependents of the deceased employee, who did not perform any services in the State of Michigan, and whose contract of employment did not contemplate any services to be performed in this State."

1. While there is a, slight difference in the facts of this case and those involved in *Crane* v. *Leonard, Crossette & Riley*, 214 Mich. 218, we think it must be controlled by the conclusions therein reached. In the case cited the work of the servant was partially performed in this State and partially in other States. In the case we are considering the services contracted for were entirely performed outside of the State. In *Crane* v. *Leonard, Crossette & Riley*, it was held that as our compensation act was voluntary the relation was one of contract, and that the provisions of the act must be read into the contract between the employer and employee. This being the ground upon which our conclusions were reached in that case it must follow that the relations of the parties in this case must rest upon contract. If they do, the act would cover a case where none of the services were performed within this State, as well as a case where they were partially performed within the State. It would hardly be consistent to hold that by reason of the contract relations the act would apply to services partially performed outside of the State, but would exclude cases where the services were entirely performed outside of the State. There are in the provisions of the act no limitations or restrictions which would oppose this view. The contracting parties were both residents of Michigan, and the contract which they made was a Michigan contract, and we see no

reason why it should not be enforced by the Michigan tribunal.

The courts are not in unison on this question but the weight of authority is decidedly in favor of this view. The authorities are cited and the questions involved here are so thoroughly discussed in the opinion of Mr. Justice FELLOWS in the case of *Crane* v. *Leonard, Crossette & Riley* that it is unnecessary to repeat them here.

2. Another point made by counsel is that C. Fred Hulswit was violating his master's instructions while traveling in an automobile instead of by train. The board found that there was no competent proof showing that Hulswit was given such instructions. We are satisfied with this conclusion.

Our views are in accord with those reached by the department of labor and industry and its award will be affirmed, with costs to plaintiff.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.