LA LONDE *v.* JENNISON HARDWARE CO.

1. Master and Servant—Workmen's Compensation Act—Partial Dependents—Rule for Computing Amount of Compensation.
   The weekly payments to be paid to one partly dependent on a deceased employee, under the workmen's compensation act, where the earnings of the deceased for the preceding year, as also the amount of his contributions to the dependent, are known, should be computed under the arithmetical rule of three as indicated in section 5, part 2, of the act, and as approved by the Supreme Court in the case of *Kostamo* v. *Christman Co.*, 214 Mich. 652, rather than by taking the earnings and contributions of deceased during the last few weeks of his life as the basis.

2. Same—Election of Remedy—Action at Law Barred Right to Recover Under Act.
   Under the decision by the Supreme Court in the case of *City of Grand Rapids* v. *Crocker, ante,* 178, plaintiff, having recovered against the wrongdoer, was barred from receiving compensation under the workmen's compensation act.

Certiorari to Industrial Accident Board. Submitted October 12, 1921. (Docket No. 102.) Decided July 20, 1922. Rehearing denied November 2, 1922.

Emily LaLonde presented her claim for compensation against the Jennison Hardware Company for the accidental death of her son in defendant's employ. From an order awarding compensation, defendant and the State Accident Fund, insurer, bring certiorari. Reversed and remanded.

*Kerr & Lacey,* for appellants.

*Oscar W. Baker,* for appellee.

STEERE, J.   On September 2, 1920, Frederick LaLonde, then 19 years of age, sustained a fatal injury from an industrial accident while employed by the Jennison Hardware Company of Bay City as a truck driver.   At the time of the accident he was helping to unload goods from a car at the yards of the Pere Marquette Railway Company and the accident was caused by an engine striking the car at which he was working in such manner as to crush him against a bumping post, resulting in his death soon thereafter.   On November 9th following, Emily La-Londe, his mother, was appointed administratrix of his estate by the probate court of Bay county, and in that capacity commenced an action against the Pere Marquette Railway Company to recover damages for negligently causing her son's death.   In January, 1921, before trial was reached, the case was settled for $6,500.   Upon payment to her of that sum complete releases for all claims in full were given the railway company by her, both as administratrix and personally as deceased's mother, and also by her husband, Joseph LaLonde, as his father.   Following this adjustment and collection of the agreed damages from the railway company she filed a claim against the Jennison Hardware Company under the workmen's compensation law followed by application for adjustment and, on March 28, 1921, arbitration proceedings were conducted at Bay City resulting in an award directing appellants to pay her $4.37½ per week for a period of 300 weeks.   Claim for review was filed with the industrial accident board by appellants which was heard and the award affirmed on May 14, 1921.

That deceased suffered an accidental injury arising out of and in the course of his employment as above related is not questioned.   The facts are practically undisputed.   On the hearing it was shown that deceased earned $24 per week while in the employ of

the Jennison Hardware Company from June until the time of his death. From July 1 until September 2, 1921, he lived with his mother in a house she had rented in Bay City, and contributed during that time $15 per week for household expenses. She had other grown sons then living elsewhere and a husband working in Detroit who sent her $40 during that time. At the time of the hearing she was living with her husband and son Noah in Bay City. She had lived in Detroit for about three years before the spring of 1920, going there from Flint, preceded by her husband who was then working in Detroit. While in Detroit she kept roomers and boarders from whom she received at times as high as $100 per week. On May 2, 1920, she quit Detroit and went to Bay City to visit her son Jo, staying with him until she commenced living with deceased in the house she rented excepting for about two weeks spent visiting a sister in Alma. She testified that from the time they started housekeeping she and her son Fred were the only ones living there until "just a week before he got killed another boy came home." The industrial accident board found that his mother shared equally with deceased in his contribution of $15 a week to household expenses during that period and decided that he had from July 1, 1920, been contributing $7.50 per week to her support as a partial dependent. Appellants' contention is that "the industrial accident board erred in computing the amount due appellee as a partial dependent."

Section 5 of part 2 of the workmen's compensation law (2 Comp. Laws 1915, § 5435), so far as material here, provides:

"If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid, as aforesaid, shall be equal to the same proportion of the weekly payments for the benefit of persons wholly de-

pendent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury." * * *

Total dependency could not be found in this case from the facts shown. The industrial accident board might, and did in its discretion, find partial dependency.

Of the manner in which the award was arrived at it is said in the board's findings:

"Section 5 of part 2 says the weekly payment shall be based on 'the annual earnings of the deceased at the time of his injury.' Section 11, sub-section a, of part 2 defines the average annual earnings to be fifty-two times the average weekly wages. We think the deputy properly computed the weekly compensation when he confined the period of contributions and the period of earnings to the last few weeks before the accident during which period the mother was dependent upon the son and that his allowance of $4.375 per week is the correct one."

In adopting this view the board seems to have rejected the method of computing partial dependency which it applied, and this court approved, under the same statutory provision in *Kostamo* v. *Christman Co.*, 214 Mich. 652, where an award by the arbitration committee of $4.22 was on appeal to the industrial accident board increased to $5.07. There the deceased had been working but two days at the employment in which he was killed by an industrial accident. The board found that during the year preceding his death he had lived at the home of his mother 10¼ months (amounting to about 44 weeks) and besides paying his board contributed during that time $33 per month, or $338.25, which constituted his entire contribution to her support as a partial dependent for that year, and that during the year his total earnings amounted to $934.20. Fourteen dollars per week is the highest permissible amount in case of total dependency. Tak-

ing the last three known quantities the board arrived at weekly compensation by the arithmetical rule of three, or simple proportion, saying in part:

"Under the provisions of the statute, above quoted, applicant's dependency, if she was dependent, should be computed as follows:    C:44 (14)::338.25:934.20. According to this computation, applicant would be entitled to compensation at the rate of $5.07 per week.   *   *   *

"After a careful consideration of all the testimony, and records before us, we find upon the only material questions at issue in this case:   *   *   *

"(d) That the applicant is entitled to receive and recover compensation from both of said respondents in the sum of $5.07 per week for a period of 300 weeks, as partial dependent. It therefore follows that the award on arbitration should be modified, and an order will be duly entered in conformity with the above findings."   *   *   *

It was said by this court in that case:

"We are of the opinion that the basis of dependency adopted by the board was, in view of the evidence, and the statute above quoted, the correct one."

In the instant case the board was equally equipped with like data of three known terms from which to find the fourth by the rule of simple proportion. It found the mother was partially dependent for the last few weeks before the accident, while they lived together in Bay City and deceased contributed $7.50 per week to her support. She testified that he was sick in the fall of 1919, through September, and his sickness lasted seven weeks during which time she took care of him and paid a doctor's bill of $125; that he first thereafter went to Bay City where he worked 13 weeks at $21.60 per week, she being then in Detroit; that on his return he found work at Dodge Brothers where he continued for 2 weeks at $36 a week, and next worked for the Fisher Body Company 2 weeks

at $28.80 per week, finally returning to Bay City where he worked for the Jennison Hardware Company 12 weeks at $24 per week, directly preceding his death, his total earnings for that year being about $698.40 as she stated his wages when working. His contributions to her support as a partial dependent as the board found them amounted to about $67.50 during that year.

Where the deceased lived or the number of days he worked during the year preceding his death are not made material factors by the law and are not necessary terms in solving this problem. What he earned and what he contributed to the partial dependent during that time are. We find no controlling distinction between the facts in this and the *Kostamo Case* as the law relative to partial dependents was applied there. In view of the evidence in the instant case we are therefore of the opinion that the basis for determining dependency adopted by the board in the *Kostamo Case* should not be departed from.

The award of the board is therefore reversed and the case remanded with directions to set the same aside, and dispose of the case in harmony with *City of Grand Rapids* v. *Crocker, ante,* 178, handed down herewith.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.

The late Justice STONE took no part in this decision.