## MUEHLENBECK *v.* J. W. EDERER & CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SETTLE-MENT WITH WRONGDOER CONSTITUTES AN ELECTION BARRING RIGHT TO RECOVER FROM EMPLOYER UNDER THE ACT.

Where an employee, in the course of his employment, was accidentally killed by a collision with a railroad train, and the administrator of his estate, under authorization of the probate court, effected a settlement with the rail-road company and executed a release, said action constituted an election to proceed against the railroad company and barred the right of the dependent minor son to recover from the employer under the workmen's compensation act.[1]

2. SAME—SETTLEMENT WITH WRONGDOER MAY NOT BE COLLATER-ALLY ATTACKED IN PROCEEDINGS UNDER THE ACT.

A settlement by the administrator of a deceased employee's estate with the wrongdoer whose negligence caused the death, which purported to be a settlement in full for all injuries suffered and death sustained by the deceased and was authorized by the probate court, may not be collaterally attacked in proceedings by the dependent minor son under the workmen's compensation act by showing that said settlement was intended to be for injuries to deceased's truck only.[2]

Bird and Moore, JJ., dissenting.

Certiorari to Department of Labor and Industry. Submitted October 24, 1924. (Docket No. 144.) Decided May 14, 1925.

Glenn Muehlenbeck, an infant, by Charles F.

[1]Workmen's Compensation Acts, C. J. § 168 (1926 Anno);
[2]Id., C. J. § 168 (1926 Anno).

On recovery against third person for negligence causing injury as affecting recovery under compensation act, see notes in 19 A. L. R. 781; 27 A. L. R. 499.

*Continued from Vol. 230.

Muehlenbeck, his guardian, presented his claim for compensation against J. W. Ederer & Company for the accidental death of his father in defendant's employ. From an order awarding compensation, defendant and the Michigan Employers Casualty Company, insurer, bring certiorari.      Reversed, and order vacated.

*Brown & Kelley,* for appellants.

*Beach & Beach,* for appellee.

SHARPE, J.   Frank A. Muehlenbeck, while hauling stone for Ederer & Company, met his death in a collision between the truck he was driving and a Michigan Central railroad train on October 9, 1923.   Carl A. Muehlenbeck, a brother of the deceased, was appointed administrator of his estate by the probate court of Saginaw county.

On November 23, 1923, the administrator filed the following petition in the probate court:

"Your petitioner respectfully represents that he is duly appointed and qualified administrator of the estate of Frank F. Muehlenbeck, who met death on October 9, 1923, at Swan Creek, Michigan, as the result of a collision between an automobile in which he was riding and a train of the Michigan Central Railroad Company.

"That the said company, while denying all liability in the matter, has offered and is prepared to pay in settlement the sum of five hundred dollars ($500).

"That your petitioner has investigated the facts of the accident, and believe said offer to be fair and for the best interests of the estate to accept the same.

"Wherefore, your petitioner prays your honorable court to authorize him to accept and receive the said sum of five hundred dollars ($500) and to execute a release in full acquittance of all claims against said company for injuries suffered and death sustained by said deceased."

On the same day an order was entered by the court, reading as follows:

"On reading and filing the petition of Carl A. Muehlenbeck, administrator of said estate, praying that he be authorized to compromise and settle a certain claim he holds against the Michigan Central Railroad Company for the sum of five hundred dollars ($500) and it appearing to the court that it would be for the best interests of said estate, it is ordered that said administrator be, and he is hereby authorized to accept and receive said sum and to execute a release in full acquittance of all claims against said company for injuries suffered and death sustained by said deceased, upon payment to him as such administrator, of the sum of five hundred dollars ($500)."

The $500 was paid to the administrator by the railroad company, and he executed a receipt and release pursuant to the terms of the order, and afterwards turned the money over to the duly appointed guardian of the minor son of the deceased.

On December 10th following, the administrator filed a claim for compensation under the workmen's compensation act, a report of the accident having theretofore been made by Ederer & Company. A petition for the hearing of such claim was filed, signed by both the administrator and the guardian. Compensation was denied by the deputy commissioner. On review, the board awarded compensation for 300 weeks at $14 per week, together with funeral expenses. This award the defendants review by certiorari.

The defendants claim that the petition filed in the probate court, the order made thereon, and the release executed pursuant thereto establish an election to proceed against the wrongdoer, and operate as a bar to this claim for compensation. The conclusion reached by the department is thus stated:

"Respondents contend that applicant has elected to proceed against the Michigan Central Railroad Company, the third party responsible for the accident in this case. The administrator of the estate received a $500 settlement from the railroad company and the same was turned over to the applicant's guardian.

The administrator testified that this $500 settlement was for the damage to the truck owned by deceased. The petition for permission to make the settlement and the order of the probate court indicates that it was made for the injuries suffered and death of deceased but the administrator stated he had no intention of settling for the death of deceased, but rather for the damage to the truck."

The finding as to the intention of the administrator is based on his testimony as follows:

"*Q.* In reference to this paper, this typewritten paper Exhibit 1, signed by C. A. Muehlenbeck, administrator, how did you happen to sign that?   *   *   *

"*A.* Well, the railroad company man wanted to settle for the loss on the truck and it was settled in the judge of probate office.

"*Q.* You had nothing to do with the preparing of the paper?

"*A.* Absolutely not.

"*Q.* Was it prepared by the railroad people themselves?

"*A.* I imagine it was.

"*Q.* What did they say to you, if anything, if you didn't take five hundred dollars you would not get anything?

"*A.* Well, we could either take five hundred dollars or nothing."

No mention was made of an injury to the truck in either the petition, order or release.   The guardian, in answer to a question put to him by the deputy commissioner, "Was that five hundred dollars paid on account of the accident to your son?" answered "Yes."

In *City of Grand Rapids* v. *Crocker*, 219 Mich. 178, after a full consideration of the entire act and the purposes sought to be accomplished by it, we held that the word "employee" when used therein embraced also the dependents of the employee;

"That in case of the death of the employee the dependents may elect to proceed against the wrongdoer

or to take compensation under the act; that an election to take under the act is a bar to an action brought by an administrator against the wrongdoer."

It necessarily follows that if the administrator elects to proceed against the wrongdoer and makes settlement with him, after due authorization from the probate court, he may not proceed against the employer under the act.    *LaLonde* v. *Jennison Hardware Co.*, 219 Mich. 194.

The proceedings in the probate court, followed by the execution of the release by the administrator, constituted an election to proceed against the railroad company, and barred the right of the defendant to recover compensation under the act.    Had the settlement been procured by fraud, it might have been set aside in a suit in equity brought against the railroad for that purpose.    But, founded as it was upon a court procedure, it may not be attacked in this collateral proceeding.

A somewhat similar question was presented in *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519.    The plaintiff, who had been injured while in the employ of the Mueller Metals Company, entered into an agreement for compensation under the act with the insurance company carrying the risk of his employer.    This agreement was approved by the industrial accident board.    Plaintiff, declining to accept any payments under it, brought an action against the Port Huron Gas & Electric Company, claiming liability on its part for negligence causing his injuries. The defendant in that suit insisted that plaintiff had elected to proceed under the compensation act.    The plaintiff was permitted "to show that he did not intelligently sign the contract with the Mueller Company and that his signature was procured by the fraud of the agents of that company."    He recovered a judgment.    On review in this court, it was held "that the

order of the board approving the contract    *    *    *
was a bar to plaintiff's right to recovery," and that
"it may not be impeached for fraud in this collateral
proceeding."

Under the holding in *City of Grand Rapids* v.
*Crocker, supra,* the employer or company carrying its
risk, if adjudged liable to pay compensation under the
act, is subrogated to the rights of the administrator
and may recover from the "wrongdoer to the extent
of the liability imposed on him under the act." Should
the award in this case be affirmed and action brought
against the wrongdoer, the release executed by the
administrator would be a bar thereto, and the burden
would be cast on the employer to have it set aside.
It is clear that it cannot be attacked in this proceed-
ing before the commission, in which the railroad com-
pany is not a party.

The award is reversed and set aside.

McDONALD, C. J., and CLARK, STEERE, FELLOWS, and
WIEST, JJ., concurred with SHARPE, J.

MOORE J. (*dissenting*). This is certiorari to the
department of labor and industry to review an order
made by them in favor of the plaintiff. Frank A.
Muehlenbeck met his death on October 9, 1923. He
was struck by a Michigan Central train while hauling
stone for the defendant. Glenn Muehlenbeck is an
infant and was dependent upon Frank A. Muehlenbeck,
his father. Charles F. Muehlenbeck, plaintiff, was
appointed guardian of Glenn Muehlenbeck (who was
at the time of his father's death 10 years of age)
by the probate court for the county of Saginaw. Carl
A. Muehlenbeck, a brother of the deceased, was ap-
pointed administrator of the estate of Frank A.
Muehlenbeck by the probate court of Saginaw county,
Michigan. Negotiations resulted between the ad-
ministrator and the Michigan Central Railroad Com-

pany.    A settlement was reached by the payment of $500 by the railroad company, which sum was accounted for by the administrator to the guardian of the child.

We quote from the brief of counsel for the appellants:

"We submit that there are two defenses, either one of which is fatal to the claim for compensation in this case, which may be stated as follows:

"*First:* The settlement with the railroad company actually completed, is an election which bars the claim for compensation.

"*Second:* Decedent was an independent contractor.

"As to the first proposition:   The statute provides that in cases of liability on the part of a third party 'the employee may at his option proceed either at law against that person·to recover damages or against the employer for compensation under this act, but not against both.'    Section 15, part 3, compensation act (2 Comp. Laws 1915, § 5468) ;" citing *City of Grand Rapids* v. *Crocker*, 219 Mich. 178; *La Londe* v. *Jennison Hardware Co.*, 219 Mich. 194.

The administrator was sworn as a witness.   We quote some of his testimony:

"*Q.* In   reference to this paper, this typewritten paper Exhibit 1, signed by C. A. Muehlenbeck, administrator, how did you happen to sign that?   *   *   *

"*A.* Well, the railroad company man wanted to settle for the loss on the truck and it was settled in the judge of probate office.

"*Q.* You had nothing to do with the preparing of the paper?

"*A.* Absolutely not.

"*Q.* Was it prepared by the railroad people themselves?

"*A.* I imagine it was.

"*Q.* What did they say to you, if anything, if you didn't take five hundred dollars you would not get anything?

"*A.* Well, we could either take five hundred dollars or nothing."

In relation to this settlement the department of labor and industry expressed itself as follows:

"Respondents contend that applicant has elected to proceed against the Michigan Central Railroad Company, the third party responsible for the accident in this case. The administrator of the estate received a $500 settlement from the railroad company and the same was turned over to the applicant's guardian. The administrator testified that this $500 settlement was for the damage to the truck owned by deceased. The petition for permission to make the settlement and the order of the probate court indicates that it was made for the injuries suffered and death of deceased but the administrator stated he had no intention of settling for the death of deceased, but rather for the damage of the truck.

"In *Zirpola* v. *T. & E. Casselman*, 237 N. Y. 367 (143 N. E. 222), the court said:

"'We think a cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined, by the workmen's compensation act, but of next of kin as defined by the Code (§§ 1903, 1905), or by the decedent estate law continuing the Code provisions (§§ 133, 134). The two classes are not invariably nor perhaps commonly the same.'

"The record does not show that the applicant ever had an opportunity to elect to proceed under the workmen's compensation law or that he ever did elect not to proceed under such law. We think the settlement of $500 received by the administrator of deceased's estate could have no bearing on this case, as it manifestly was the intent of the administrator simply to settle for the damages to deceased's truck."

We think it unnecessary to express an opinion about the legal phase of this situation as urged by counsel, because the board has found as a fact that the settlement was for damages to the truck, and there was some testimony upon which to base such finding. See *Solomon* v. *Railway*, 221 Mich. 599; *King* v. *Munising Paper Co.*, 224 Mich. 691.

2. Was decedent an independent contractor as

urged by counsel? They insist that the case is controlled by *Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164) ; *Polka* v. *Lynch Timber Co.,* 227 Mich. 606; *Donithan* v. *Iron & Chemical Co.,* 227 Mich. 609.

The facts are not in dispute. Mr. Muehlenbeck was employed to draw with a truck stone from a car to where the stone was needed in a highway under construction by J. W. Ederer & Company, a corporation. He was paid 25 cents a yard mile. He unloaded the stone where he was directed to do by the man having charge of the construction. The record does not show he agreed to deliver any specific quantity of stone; or that he was employed for any stated time. His employer did not agree that he should be employed for any stated time, or that he should deliver any specific quantity of stone. He could quit any time or be discharged at any time. We think he was an employee. *Shafer* v. *Parke, Davis & Co.,* 192 Mich. 577; *Arnett* v. *Hayes Wheel Co.,* 201 Mich. 67. See *Scott* v. *O. A. Hankinson & Co.,* 205 Mich. 353; *Van Simaeys* v. *George R. Cook Co.,* 201 Mich. 540; *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich. 385 (Ann. Cas. 1918C, 664); *Conrad* v. *Cummer Diggins Co.,* 224 Mich. 414; *Hector* v. *Cadillac Plumbing & Heating Co.,* 226 Mich. 496.

The order of the department of labor and industry should be affirmed, with costs.

BIRD, J., concurred with MOORE, J.