BERGERHOUDT *v.* RITER-CONLEY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—WEIGHT OF TESTIMONY FOR COMMISSION.

In proceedings under the workmen's compensation act, the credit to be given to the testimony is for the commission.

2. SAME—PARTIAL DEPENDENCY.

The finding of the commission that deceased's mother was partially dependent on him, *held*, justified by the proofs, which show that he turned over to her his pay checks, which amounted to more than his living expenses, and that the contributions of himself, his brother, and stepfather

---

[1]Workmen's Compensation Acts, C. J. § 127; [2]Id., C. J. § 114; L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483; 13 A. L. R. 686; 30 A. L. R. 1253; 35 A. L. R. 1066; 39 A. L. R. 313; 28 R. C. L. 770, 771.

were entirely consumed in the maintenance of the establishment.

3. SAME—WHETHER ACTION FAVORABLE TO APPELLANT IS ERROR NOT DETERMINED.

On certiorari by an employer to review an award under the workmen's compensation act, whether the action of the commission in arbitrarily fixing a figure higher than that shown by the testimony as the amount of deceased's living expenses was error, is not determined, where it produced a result more favorable to the employer than would have resulted had the figure shown by the testimony been used.

4. SAME—PARTIAL DEPENDENCY—COMPUTATION OF COMPENSATION.

Where decedent, his older brother, and stepfather were all producers in the family, and the only nonproducers were the mother and a young stepbrother, the amount contributed by decedent for the support of the family above his own living expenses was properly divided by two in order to ascertain the amount he contributed to the support of his mother as a partial dependent.

Certiorari to Department of Labor and Industry. Submitted April 11, 1928.    (Docket No. 106.)    Decided June 4, 1928.

Ann Bergerhoudt presented her claim for compensation against the Riter-Conley Company for the accidental death of her son in defendant's employ.    From an order awarding compensation, defendant brings certiorari.    Affirmed.

*Kerr, Lacey & Scroggie,* for appellant.

*Lightner, Oxtoby, Hanley & Crawford,* for appellee.

FELLOWS, J.    Albert Frederick, son of plaintiff by her first husband, when a little less than 19 years of age, was in the employ of defendant.    On February 8, 1927, he met his death in an accident admitted to have arisen out of and in the course of his employment.

[3]Workmen's Compensation Acts, C. J. § 130; [4]Id., C. J. § 52.

Plaintiff made claim for compensation as a dependent and was awarded a sum for partial dependency. Here it is insisted that partial dependency was not established, and that, if established, the sum awarded is not the correct sum.

Plaintiff was the only witness sworn. Her testimony tends to establish the following facts: She had two sons by her first husband, deceased and his older brother, both of whom lived with her. She had one son, a lad of seven years, by her present husband. Her husband earned $37 a week, the oldest son $33 a week and deceased $27.50. All of them turned over their pay checks to her and she ran the home, bought and paid for the food, rent and other household expenses, bought and paid for clothing and necessities for the men folk and allowed and gave them their spending money out of the common fund. Three relatives were temporarily boarding there at $10 a week, but she says they were hearty eaters; that she made nothing on them, and but charged them the cost of the food they consumed. The testimony, if believed, tended to establish that the contributions of deceased, his brother and their stepfather were entirely consumed in the maintenance of the establishment, although something (how much is not shown) was being paid on an automobile which was being purchased for the use of the family. The credit to be given this testimony was for the commission. The commission found, and under the proof was justified in finding, partial dependency.

In fixing the amount, the commission followed the method approved by this court in *Kostamo* v. *Christman Co.*, 214 Mich. 652, and *LaLonde* v. *Jennison Hardware Co.*, 219 Mich. 194. The commission fixed the annual earnings of deceased at $1,430 (see section 5441, Comp. Laws Supp. 1922; *Riley* v. *Mason Motor Co.*, 199 Mich. 233); it fixed the amount annually contributed to plaintiff's support by decedent at $208.

It is the use of this figure which is most vigorously assailed as furnishing ground for reversal.    Using the last-named figure resulted in an allowance of $2.036 a week, which defendant insists is too high. We must, therefore, examine the method and theory adopted by the commission as the basis of this result.    Without detailing plaintiff's testimony, it showed that deceased was furnished annually for his living and expenses $834.50 from the money he turned over to his mother; this sum deducted from his earnings left $595.50 as the amount furnished by him to the household fund.    The commission, however, instead of adopting the sum of $834.50 as his living expenses fixed an arbitrary figure of $1,014.    Whether this was error or not we need not decide, as it produced a result more favorable to defendant than would have resulted from the use of the figures appearing in the testimony.    Deducting $1,014 from $1,430 results in $416.    This sum the commission divided by two, producing the figure in controversy $208.    Defendant insists that the commission should have used five as the divisor upon the theory that there are five members of the family supported out of a common fund.    In this contention defendant is in error.    The contention overlooks the fact that there were three producers of the fund and two nonproducers.    Deceased, his older brother, and their stepfather each turned into the common fund more than he drew out of it.    The surplus thus produced went to support and did support the two nonproducers, the mother and the young boy, the two who made no cash contributions but who depended on the other three members of the household for their support.    To find the amount contributed to the mother, the commission quite properly used two for the divisor.

The award will stand affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.