NOTO *v.* ACME TRUCK SALES & SERVICE CO.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—REVIEW.
   Finding of department of labor and industry that plaintiffs' decedent was an employee of defendant, being one of fact, is binding upon Supreme Court on review in nature of certiorari, where testimony with reference thereto is conflicting.

2. Same—Election of Remedies—Action at Law.

By institution of action in court against employer and third party charging them with liability for accident resulting in death to plaintiffs' decedent, they elected their remedy and barred claim for compensation against employer in department of labor and industry (2 Comp. Laws 1929, § 8454).

3. Same—Election of Remedies—Action at Law—Compensation Proceeding.

Dependents of an employee may not bring common-law action against employer and third party for personal injuries, dismiss action against former and then present claim against him in department of labor and industry, where institution of former action against third party liable for the injuries amounts to an election of remedies (2 Comp. Laws 1929, § 8454).

4. Same—Employee Not Entitled to Prosecute Both Employer and Third Party for Personal Injuries.

Since department of labor and industry is not a party to and has no control over a suit at law against third party by an injured employee or by a representative of his estate, determination in proceeding for compensation before department of labor and industry of whether there had been an election of remedies by bringing such suit at law is controlled by rules applicable to suits at law, as employee may not proceed against both the third party and the employer (2 Comp. Laws 1929, § 8454).

5. Election of Remedies.

Resort to one of two inconsistent remedies constitutes an election of remedies.

Appeal from Department of Labor and Industry. Submitted October 11, 1934. (Docket No. 59, Calendar No. 37,592.) Decided March 5, 1935. Rehearing denied April 11, 1935.

Giovanna Ferrante Noto and her minor children presented their claim, as dependents, against Acme Truck Sales & Service Company, doing business as A. L. Kauffman Cartage Company, employer, and State Accident Fund, insurer, for accidental death

of Bartolomeo Noto while in defendant's employ. Award to plaintiffs. Defendants appeal. Reversed.

*Anthony Maiullo (Stuart W. Hill,* of counsel), for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendants.

North, J. This is an appeal from an award of compensation to Giovanna Ferrante Noto, widow of Bartolomeo Noto, deceased, and to two minor children. For convenience the widow and children will hereinafter be referred to as plaintiffs.

A Mr. Robert H. Lavery of Detroit arranged with the defendant Acme Truck Sales & Service Company (doing business as A. L. Kauffman Cartage Company), to have some broken slabs of concrete hauled by truck and trailer from Detroit to a point near Pine lake in Oakland county where Lavery had a house and garage. Noto was one of two laborers who assisted in loading the concrete slabs onto the truck and trailer and accompanied the load to the place of destination for the purpose of assisting in unloading. Incident to unloading an accident happened which resulted in Noto's death.

Upon application for compensation being made by plaintiffs herein the Acme Truck Sales & Service Company and its insurer, State accident fund, denied liability on several grounds. The one to which the most of the record is devoted is that Noto was not an employee of the defendant Acme Truck Sales & Service Company at the time of the accident; but instead the defendants claim Noto was then in the employ of Lavery. Upon the hearing before the deputy commissioner this issue of fact was decided in favor of defendants; but upon appeal to the full board decision was reversed and plaintiffs awarded

compensation. The record discloses a conflict of testimony upon this factual aspect of the case and on review in the nature of certiorari we are bound by the finding of the department of labor and industry.

In support of defendants' denial of liability the following reasons were also urged:

"6. Claim for compensation is barred because of common-law proceedings heretofore taken.

"7. Plaintiff has made an election and has pursued her remedy against a third party."

The same defenses are urged on this appeal from the award. On this phase of the case the following facts are pertinent. The accident happened July 11, 1929. Thereafter suit was started by the representative of Noto's estate in the circuit court of Wayne county, Michigan, against both Lavery and Acme Truck Sales & Service Company to recover damages incident to the injuries and death of Noto resulting from this same accident. In plaintiffs' application for review of the determination of the deputy commissioner it is stated:

"The records of the circuit court for Wayne county show that in a suit to recover damages for the wrongful death of the deceased, the defendant company claimed at the trial of said cause in its plea that the deceased was subject to the workmen's compensation law."

While this record does not contain the pleadings in the circuit court nor the judgment (if one was entered), the record does contain many references to the suit brought in the circuit court against both Lavery and Acme Truck Sales & Service Company prior to plaintiffs' present petition for compensation. It clearly appears from the many quoted excerpts of testimony in the circuit court that the suit

at law, in which the circuit judge seems to have rendered an opinion, was for recovery of damages from Lavery and Acme Truck Sales & Service Company resulting from the same accident and injuries to Noto for which compensation is now sought.

In its review of the determination of the deputy commissioner the department of labor and industry did not definitely pass upon the question of election of remedies but the following quotation from the opinion filed by the commission indicates clearly that this phase of the controversy was before it:

"It appears from the record that the administrator of decedent's estate brought a suit in Wayne county circuit court against the truck company and Lavery. Counsel representing plaintiff here claims that in that court their defense was that that court did not have jurisdiction, that the department of labor and industry had jurisdiction as defendant truck company came under the provisions of workmen's compensation law. The record does not disclose the opinion of the court or the testimony that was adduced there or the result of that proceeding."

Under this record the defense of election of remedies is necessarily involved in determination of plaintiffs' right to compensation. In plaintiffs' brief it is pointed out that this is an affirmative defense and the burden of establishing it is upon appellants; and in this connection it is claimed that the defense of election of remedies is not established by the requisite proof. In this we cannot agree. A fair reading of this record forces the contrary conclusion. That the suit at law was brought is admitted in the plaintiffs' brief from which we quote:

"It is true that an action at law was brought in the Wayne circuit court against Mr. Lavery and the

Acme Truck Sales & Service Company by the administrator of the estate of Bartolomeo Noto, deceased, but appellees contend that this does not constitute an election to proceed at law to recover damages, within the meaning of 2 Comp. Laws 1929, § 8454.''

The workmen's compensation law provides:

''Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, *but not against both.*'' 2 Comp. Laws 1929, § 8454.

It may be granted that the suit at law was dismissed as against the Acme Truck Sales & Service Company on the ground that it and Noto were both under the workmen's compensation act, but it would not follow that the suit instituted against Lavery charging him for liability incident to this same accident should have been dismissed. From a legal standpoint the situation is not different than it would have been if the suit in the Wayne county circuit court had been instituted and prosecuted against Lavery alone; and clearly prosecution of such an action would have constituted an election of remedies. In *Muehlenbeck* v. *J. W. Ederer & Co.*, 231 Mich. 1, this court held that in a case wherein the administrator of the deceased employee's estate instituted a suit at law against the wrongdoer and consummated a settlement with the wrongdoer, an election resulted which barred application for compensation by a dependent of the deceased employee. See, also, *LaLonde* v. *Jennison Hardware Co.*, 219 Mich. 194.

The corresponding provision in the workmen's compensation act of Massachusetts (Gen. Laws 1932, chap. 152, § 15) is not materially different from that of the Michigan statute just above quoted. The supreme court of Massachusetts has held that bringing the suit at law against the wrongdoer constitutes election and bars subsequent proceedings for an award under the compensation act.

"The remedy at law against a person other than the insurer is entirely inconsistent with the remedy given under the statute, and by section 15 of that statute it is expressly provided that the injured person has his choice of remedies and 'may * * * proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both.' The fact that the action against Adams (the wrongdoer) was discontinued before proceedings under the statute were begun is not material. The election was made when the action was brought, and by this election the employee sought a remedy inconsistent with that given him by the statute." *Sciacia's Case,* 262 Mass. 531 (160 N. E. 310).

See, also, *Labuff* v. *Railway Co.,* 231 Mass. 170 (120 N. E. 381); *Coughlin* v. *Royal Indemnity Co.,* 244 Mass. 317 (138 N. E. 395).

As set forth in their brief, it is appellees' contention:

"There is no election to proceed at law for damages, unless the employee or his personal representative proceeds to judgment in a suit against the wrongdoer. * * * It is quite clear * * * that it is a double recovery that the statute seeks to prevent, not the mere double starting of proceedings."

Appellees, in contending that there has not been an election of remedy in the instant case, rely much

on the following decisions: *Dettloff* v. *Hammond, Standish & Co.*, 195 Mich. 117; *Brabon* v. *Gladwin Light & Power Co.*, 201 Mich. 697. Briefly, these cases merely hold that an agreement for compensation is invalid until approved by the department of labor and industry, and therefore such an agreement does not constitute an election until the agreement is approved. In this connection it may be noted that the department of labor and industry is not a party to and has no control whatever over the suit at law brought against the wrongdoer by an injured employee or by a representative of his estate. Therefore determination of whether there has been an election by bringing the suit at law is controlled by the rules applicable to suits at law; and resort to one of two inconsistent remedies constitutes an election.

The workmen's compensation act expressly provides that the injured employee or his dependents may exercise the option of proceeding at law against the wrongdoer to recover damages or on the other hand a proceeding for compensation may be instituted against the employer, *"but not against both."*

"One may not take contradictory positions in asserting a right in court, if the assertion of plaintiff's right in the first case involves a negation of the right as claimed in the second case." *Washburn* v. *Peck,* 245 Mich. 351, 352.

"By bringing *assumpsit* for the value of chattels in the possession of defendant under an option to purchase from the plaintiff, the latter elects his remedy, and cannot thereafter maintain replevin for the property, although the suit in *assumpsit* has in the meantime been discontinued." *Cooper* v. *Smith* (syllabus), 109 Mich. 458.

See, also, *Thomas* v. *Watt,* 104 Mich. 201.

By instituting the suit in the circuit court of Wayne county against Lavery, as well as against Acme Truck Sales & Service Company, and going to trial thereon, plaintiffs made an election of remedies. The election thus made is a bar to an award of compensation in the present proceedings.

The order of the department of labor and industry granting compensation to plaintiffs is vacated. Costs to appellants.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.