(No. 25543.—

MARIE SHAY BIDDY, Admx., Appellee, *vs.* THE BLUE BIRD
AIR SERVICE *et al.* Appellants.

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, LESLIE H. VOGEL, and RICHARD H. MERRICK, of counsel,) for appellants.

PEABODY, WESTBROOK, WATSON & STEPHENSON, and WILEY, STREETER & FORD, (CHARLES H. WATSON, and MARCUS R. HART, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This action was instituted in the superior court of Cook county against the Blue Bird Air Service, a corporation, the Blue Bird Air Transport, Inc., and Michael A. Caffarello, defendants, to recover damages for the alleged wrongful death of Ralph L. Biddy, plaintiff's intestate. Defendants appealed from a judgment for plaintiff and brought the case direct to this court, a constitutional question being involved.

Biddy was a resident of Michigan and employed by the Wilding Pictures Productions, Inc., (referred to as the Picture Company,) as a camera man taking motion pictures. The Picture Company is a Michigan corporation with its principal place of business in Detroit and a studio in Chicago. The defendant corporations are organized under the laws of Illinois with their places of business in Chicago. Defendant Caffarello is a resident of this State. The defendants own aeroplanes and are engaged in the business of hauling persons for hire. The Picture Company employed defendants to take Biddy in an aeroplane that he might take a picture of a fast-moving train. The aeroplane carrying Biddy started from an airport in Chicago and while engaged in the taking of pictures near Naperville, in this State, the aeroplane crashed and Biddy was killed. Marie Shay Biddy, the widow, was appointed administratrix

by the probate court of Wayne county, Michigan. Plaintiff brings this action under the Injuries act of this State (Ill. Rev. Stat. 1939, chap. 70) and alleges the negligence of the defendants in the operation of the aeroplane was the cause of the death of her intestate.

The real controversy and the one on which the constitutional question is raised is as to whether or not the plaintiff can maintain this action at law. The first contention of the defendants is that Biddy and the Picture Company were under the Workmen's Compensation act of this State (Ill. Rev. Stat. 1939, chap. 48, par. 138, *et seq.*) and from this it is argued that the plaintiff's right of action at law for damages for wrongful death against them did, by virtue of section 29 of the act, pass to the Picture Company. In the alternative, it is urged that if Biddy and the Picture Company were not subject to the Workmen's Compensation act they were subject to the Workmen's Compensation act of Michigan and that section 8454 of the Michigan Compiled Laws of 1929 passes the right of action at law for damages against the negligent third party causing the death, to the employer or to its insurance carrier.

Defendants' answer contained allegations of fact as a basis for such contentions. On motion of plaintiff these special defenses were stricken and during the trial the court denied defendants' offer of proof to support such theories. Defendants assert that the court's refusal to permit them to plead and prove the provisions of the Michigan Workmen's Compensation act is in violation of the full faith and credit clause of the Federal constitution.

The contention that Biddy and the Picture Company were subject to the Workmen's Compensation act of this State need not be given extended consideration. Plaintiff's motion to strike defendants' special defenses admitted the facts well pleaded, and by such pleading and the evidence it appears that Biddy and the Picture Company had a contract of hire which has been entered into in Michigan and

that both had elected to be bound by the Workmen's Compensation act of that State. After Biddy's death the Department of Labor and Industry, acting under the authority of the Michigan Workmen's Compensation act approved an award for the benefit of Biddy's dependents. The Picture Company or its insurance carrier paid the award. A state of facts involving the same principle of law was before this court in *Cole* v. *Industrial Com.* 353 Ill. 415. There an employer and employee, both residents of Indiana and subject to its Workmen's Compensation act, were operating under a contract made in Indiana. While the employee was engaged in work under the contract in this State, he sustained an accidental injury from which he died. Compensation under the Illinois act was claimed by the dependents. This court held that since the contract was made in Indiana, the parties were bound by the Workmen's Compensation act of that State and that the Illinois act was not applicable. Under the admitted facts and the rule announced in the *Cole case,* the Picture Company and Biddy were not subject to the Workmen's Compensation act of Illinois. Defendants were not prejudiced by the striking of the first part of their special defense.

Section 8454 of the Workmen's Compensation act of Michigan, the allowance of an award in that State and its payment were alleged in the special defense pleaded in the alternative. The Workmen's Compensation act of Michigan is elective as to private employers and their employees. If the employee declines to accept the provisions of the act and be bound thereby, section 8410 of the Michigan Compiled Laws of 1929 releases the liability of the employer to pay compensation under the act. Section 8454 provides that where the injury for which compensation is payable under the act was caused under circumstances creating a legal liability in some person other than the employer to pay the damages, the employee may, at his option, proceed either at law against the person to recover damages or

against the employer for compensation under the act, but not against both. If the employer, or his insurance carrier, pays compensation under the act, the employer may enforce the liability against the third person for his own benefit or that of the insurance carrier, as the case may be.

The option given the employee in section 8454 is distinguishable from the option an employee has to elect, in the first instance, whether he will be bound by the act. The employee exercises his option by electing to be bound by the act, and if he is subsequently injured by the wrongful act of a person other than the employer, under section 8454 he has a right to elect whether he will proceed under the provisions of the act or proceed in an action at law against the third person.

In *City of Grand Rapids* v. *Crocker*, 219 Mich. 178, 189 N. W. 221, a case where the employee was killed under circumstances creating a liability against the third person, it was held the right of election to proceed against the third party extended to the dependents of the deceased and such election, when so made, was a bar to an action at law brought by the administrator against the wrongdoer under either the Survival or Death act of that State. To the same effect *La Londe* v. *Jennieson Hardware Co.* 219 Mich. 194, 189 N. W. 226; *Muehlenbeck* v. *Ederer & Co.* 231 id. 1, 203 N. W. 879.

Section 8458 of the Michigan Code declares the statute shall extend to all injuries suffered without the territorial limits of the State, where the injured employee is a resident of Michigan at the time of the injury and the contract of hire was made within the State. In the event the employee dies from such injuries the benefits of the act are extended to the dependents of the deceased.

In *Crane* v. *Leonard, Crossette & Riley*, 214 Mich. 218, 183 N. W. 204, the court was considering a claim for compensation where the employer and the employee had both elected to be bound by the act and were operating under

a contract made in the State of Michigan. The employee was accidentally killed in Illinois while engaged under the contract and in the course of his employment. The court held that since the Workmen's Compensation act was optional and the employer and the employee became bound only by election, the relation under it was contractual and an injury occurring to the employee outside the State while engaged in the scope of his employment was compensable under the act. To the same effect *Hulswit* v. *Escanaba Manf. Co.* 218 Mich. 331, 188 N. W. 411.

From the foregoing it appears that if the injury causing the death of Biddy had occurred in Michigan, the election of the dependents to take compensation under the Workmen's Compensation act would bar plaintiff from proceeding against the third party whose negligence or wrongful act caused the death. (*City of Grand Rapids* v. *Crocker, supra.*) By section 8454, the right of action would be in the Picture Company for its own use or that of the insurance carrier.

Plaintiff bases her right of action upon the rule that *lex loci delicti* controls as to all matters of substantive law, including not only the right to recover, the nature of the right and the party in whom it is vested, but defenses to the action, the measure and elements of damages and the amount of recovery. She contends that section 8454 of the Michigan Code giving the right of action against the third party to the one paying the compensation is limited to those cases where the accident occurred within the State, and that to extend it to accidents occurring beyond the boundaries of the State is to give the statute extra-territorial effect.

Section 1 of article 4 of the Federal constitution declares that full faith and credit shall be given in each State to the public acts of every other State and it is settled that a statute is a public act within the meaning of that clause. (*Modern Woodmen of America* v. *Mixer*, 267 U. S. 544,

69 L. ed. 783; *Aetna Life Ins. Co.* v. *Dunken,* 266 id. 389, 69 L. ed. 342.) It is equally well established that full faith and credit applies only to those acts which are within the legislative jurisdiction of the State enacting them (*National Mutual Building and Loan Association* v. *Brahan,* 193 U. S. 635, 48 L. ed. 823; *Olmsted* v. *Olmsted,* 216 id. 386, 54 L. ed. 530.) It does not follow, however, that a State is without power to enact legislation providing for compensation to local employees employed under a contract made locally for injuries occurring beyond the boundaries of the State. (*Beal Bros. Supply Co.* v. *Industrial Com.* 341 Ill. 193; *Bradford Electric Light Supply Co.* v. *Clapper,* 286 U. S. 145, 76 L. ed. 1026.) In the *Clapper case,* the court, in considering the extra-territorial effect to be given the Workmen's Compensation act of one State by the courts of another under the full faith and credit clause, said: "The mere recognition by the courts of one State that parties by their conduct have subjected themselves to certain obligations arising under the law of another State is not to be deemed an extra-territorial application of the law of the State creating the obligation. (*Canada Southern Railway Co.* v. *Gebhard,* 109 U. S. 527, 27 L. ed. 1020.) By requiring that under the circumstances here presented, full faith and credit be given to the public act of Vermont the Federal constitution prevents the employee or his representative from asserting in New Hampshire rights which would be denied him in the State of his residence and employment. A Vermont court could have enjoined Leon Clapper from suing the company in New Hampshire to recover damages for an injury suffered there just as it would have denied him the right to recover such damages in Vermont. (*Cole* v. *Cunningham,* 133 U. S. 107, 33 L. ed. 538; *Reynolds* v. *Adden,* 136 id. 348, 34 L. ed. 360.) The rights created by the Vermont act are entitled to like protection when set up in New Hampshire by way of defense to the action brought there. If this were not so and the employee

or his representative were free to disregard the law of Vermont and his contract, the effectiveness of the Vermont act would be gravely impaired."

The contract of hire between Biddy and the Picture Company was created under the laws of Michigan. By their election to be bound by the Workmen's Compensation act of that State they impliedly agreed that the provisions of the act should, in the event of Biddy's accidental injury, control as to compensation. One of the incidents of such employment included in the Workmen's Compensation act was that if Biddy was accidentally injured in the course of his employment by the wrongful act of a third party, the cause of action against such third party should, if Biddy elected to take compensation under the act, pass to the Picture Company. Such was Biddy's agreement according to the statute and decisions of the Supreme Court of Michigan.

It is urged that although the Michigan statute may be binding on Biddy and his employers that fact can not benefit the defendants and permit them to interpose the statute as a defense, since they were not subject to the Michigan statute and were strangers to the contractual obligations entered into in that State. Such contention requires the consideration of plaintiff's right to maintain this suit. She brings her action under section 1 of the Injuries act of Illinois, (Ill. Rev. Stat. 1939, chap. 70,) as a personal representative of the deceased, to recover damages for the alleged wrongful death of her intestate and to maintain the action her case must fall within its provisions.

At the common law no action could be maintained against any person or corporation causing the death of another by wrongful act, negligence or default. (*Crane* v. *Chicago and Western Indiana Railway Co.* 233 Ill. 259.) Section 1 of the Injuries act permits the personal representative of a deceased person to bring an action against the person or corporation whose wrongful act, negligence or default caused the death, but the liability there created depends

upon the condition that the deceased, at the time of his death, had he continued to live, would have had a right of action against the same person or persons for the injuries sustained. If the deceased had no right of action at the time of his death, the personal representative has none under the Injuries act. (*Mooney* v. *City of Chicago,* 239 Ill. 414.) In the application of section 1, this court has held that where a person was injured and made a settlement for such injuries releasing the *tort feasor* such release bars a suit brought under the Injuries act by his personal representative. To the same effect *Little* v. *Blue Goose Motor Coach Co.* 346 Ill. 266. In a suit under the Injuries act the cause of action is the wrongful act and not merely the death itself. *Mooney* v. *City of Chicago, supra; Crane* v. *Chicago and Western Indiana Railroad Co. supra; Holton* v. *Daly,* 106 Ill. 131.

It is obvious that under the Workmen's Compensation act of Michigan Biddy's election to be bound by the act would have required him, had he lived, to elect whether he would demand compensation from the Picture Company or sue the defendants in an action at law for damages. Had he survived the accident and made the election to accept compensation and later died from the injuries, the plaintiff could not now maintain this action, for at the time of her intestate's death he had no cause of action against the defendants. But Biddy died without having made such election. Can it now be said that at the time of his death he had a right of action and that, therefore, plaintiff can maintain this suit even though Biddy's dependents claimed and obtained compensation under the Michigan laws?

Plaintiff contends that to give full faith and credit to the Michigan statute would be against the public policy of this State. It is true the full faith and credit clause of the Federal constitution does not require a State to subordinate its public policy with respect to persons and their actions within its borders to the laws of any other State,

where the enforcement of the right conferred elsewhere would be obnoxious to the public policy of the forum. *Clark v. Williard,* 292 U. S. 112, 54 Sup. Ct. 615.

Plaintiff does not seek to enforce a right given her by the laws of Michigan but seeks to avoid the effect the Michigan statute gives to the election Biddy's dependents made to take compensation under the laws of that State. When Biddy's dependents elected to claim compensation from the Picture Company under the Michigan law they became bound by the provisions of the act and subject to the conditions expressed in section 8454 the same as if Biddy had lived and made the same choice. Plaintiff has no greater right to maintain an action against the defendants under the Injuries statute than Biddy would have had if he had lived.

Section 29 of the Workmen's Compensation act of Illinois, like section 8454 of the Michigan code, deals with the right of action against the negligent third party.

It is pointed out that section 8454 of the Michigan Code permits the employee to elect between remedies where there is a liability against a third party for his negligent act while such provision for election is not contained in section 29 of the Illnois act. From this it is argued that the failure of the Illinois act to contain such provision is to be taken as establishing a public policy against such election. The right of an election is not involved in this case. The election was made, and under section 8454 of the Michigan Code it places plaintiff in the same position as though compensation had been paid under the Illinois act and the personal representative had brought suit against the third party under the Injuries act. The public policy of this State as expressed in section 29 would bar recovery, and the giving of full faith and credit to the Michigan statute is in accord with that policy.

Many cases have been cited in support of the opposing contentions but an examination of many of those cases

516

discloses that a statute peculiar to the jurisdiction of the court was involved or the facts did not involve the application of the same principles that are presented in this case.

The court erred in sustaining plaintiff's motion to strike defendants' alternative defense setting up the Michigan statute. Other errors have been assigned but under the views expressed upon the constitutional question it is not necessary to consider them.

For the reasons assigned the judgment of the superior court is reversed and the cause remanded, with directions to overrule plaintiff's motion to strike the alternative defense.

*Reversed and remanded, with directions.*

Per CURIAM: In the petition for rehearing by appellee it is suggested that if the petition for rehearing be denied appellee will waive any right to further procedure in the trial court, and it is requested that the remanding order be stricken out. In accordance with such request the remanding order is stricken and the judgment is reversed.

*Judgment reversed.*