(No. 4207

HELEN STANOVICH, WIDOW, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

JOSEPH R. BARTYLAK, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Helen Stanovich, widow, and personal representative of Daniel Stanovich, deceased, filed her complaint on June 24, 1949, alleging that Daniel Stanovich received severe and critical injuries in the course of treatment at Alton State Hospital, and that he died as a direct and proximate result of said injuries.

She alleges that Mr. Stanovich entered the institution on June 23, 1948, and the hospital records show he was admitted as an emergency patient under provisions of the Revised Mental Health Act. Claimant further alleges that certain mental patients confined to the institution aided the hospital attendants in handling and

treating the deceased, and that Daniel Stanovich received injuries while being treated that caused his death on June 25, 1948. In Paragraph 3 (i), the claimant alleges that this claim is brought under the provisions of the Court of Claims Act which gives the Court limited jurisdiction of tort claims, and the provisions of the wrongful death statute. In Paragraph 6 of the complaint, claimant alleges that her claim sounds in tort.

The record in this case consists of the complaint, brief and arguments of both the claimant and respondent.

The claimant contends that the respondent was negligent when the better mental patients were permitted to aid the attendants in their care of the disturbed patients, and that Daniel Stanovich received injuries causing his death due to acts of these mental patients.

The testimony showed that Daniel Stanovich entered the Alton State Hospital for treatment; after one initial examination, the patient was given a bath and placed in the diagnostic ward. The deceased became resistant and combative, and he was placed in the disturbed ward and administered a drug to quiet him. During the time the deceased remained in the disturbed ward he received a slight laceration of the lower lip and a subcutaneous hemorrhage of the left eye. Later the deceased had to be placed in a pack, which is a wet sheet that is a treatment to quiet down disturbed patients. Two days later, on June 25, 1948, Daniel Stanovich was found dead in bed. The last time he was seen alive he was sleeping normally. It is the claimant's contention that the death of Daniel Stanovich was caused from exhaustion due to the negligent care furnished by respondent.

Dr. Michael Nakutny and Dr. C. Siegfried Gruenwald, staff physicians, and Dr. Abraham Simon, Superintendent, of the Alton State Hospital, testified as to

their knowledge of deceased's general physical and mental condition and also in regard to their findings at the autopsy. It was found at the autopsy that deceased was suffering from syphilitic meningoencophalitis, and the infection was active at the time. The testimony of claimant consists of observations of Mr. Stanovich but gave no conclusion as to the cause of death.

The claimant predicates her action on the provisions of "An Act requiring compensation for causing death by wrongful act, neglect or default." Section 1 of the said Act (Chap. 70, Sec. 1, Ill. Rev. Stats., 1949) provides:

"Be it enacted by the People of the State of Illinois, represented in the General Assembly:. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

Under the provisions of the said Act, it is clear that a claimant must allege and prove a wrongful act, neglect or default which caused the death. The Supreme Court of Illinois in the case of *Holton* v. *Daly,* 106 Ill. 131, said at page 138:

"And it has accordingly since been held the declaration must aver, and the proof must establish, a wrongful act, neglect or default of defendant, causing the death of the intestate under such circumstances as would entitle him to maintain an action if death had not ensued, and the fact of survivorship, and the name or names of widow or next of kin."

In the more recent case of *Mooney* v. *City of Chicago,* 239 Ill. 414, the Court said at page 421:

"It was necessary, in addition to the facts stated in the instruction, for the jury to find that the injury was the cause of Dillon's death. He was not killed at the time of the accident, so that it cannot be said there was no other conclusion at which the jury could have arrived on that question, and the omission, therefore, was material. The sub-

stance of the right of action conferred by the statute is, that the death of a person shall be caused by the wrongful act, neglect or default of another."

Of similar effect are the holdings in *Wilcox* v. *Int. Harvester Co.*, 278 Ill. 465, and *Biddy* v. *Blue Bird Air Service*, 374 Ill. 506.

From these authorities, it is clear that the claimant, having alleged an action for wrongful death, must prove the cause of death.

We are of the opinion that there was no wrongful death in this cause, and an award is denied.