MOLL v. CITY BAKERY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COMPENSATION—EVIDENCE.

The principle underlying the workmen's compensation act is that it was adopted to compensate for a loss, and that the loss in every case must be determined by the facts in that particular case.

2. SAME—DEPENDENTS.

The question of dependency under the act is always one of fact.

3. SAME.

Parents of a deceased employee were not dependent upon him so as to be entitled to compensation for his death, where, if the amount that the son's board cost the father was deducted from the family expenses, the father's income was more than adequate to meet expenses.[1]

Certiorari to Industrial Accident Board. Submitted October 16, 1917. (Docket No. 153.) Decided December 28, 1917.

John Moll presented his claim for compensation against the City Bakery for the accidental death of his son in defendant's employ. From an order awarding compensation, defendant and the London & Lancashire Indemnity Company, insurer, bring certiorari. Reversed.

*John M. Dunham,* for appellants.

*Roman F. Glocheski* and *Corie C. Coburn,* for appellee.

KUHN, C. J. William Moll, who was the son of John Moll, and Lucy Moll, the claimants, was un-

---

[1] On construction and effect of workmen's compensation acts, generally, see comprehensive notes in L. R. A. 1916A, 23, L. R. A. 1917D, 80.

married, 25 years of age, and lived with his parents. On June 6, 1916, while in the employ of the City Bakery, he slipped and caught his hand in a dough divider, which resulted in injuries from which he subsequently died.

The industrial accident board awarded compensation to his parents because of their being partially dependent upon the deceased at the time of his death, the compensation of $2.78 per week being awarded to them, in equal proportions, for the period of 300 weeks. It was made to appear that the average weekly expenses of the family amounted to $18.78, of which the father earned $16 per week, which, deducted from the expenses, made the basis of the finding of the board for the dependency of the family upon the earnings of the deceased. It further appears that in the amount of weekly expenses there was included what it cost to support the deceased boy.

In determining the question of the dependency of the parents, the board refused to take into consideration the cost of the son's support. It is conceded that the cost of maintenance of the deceased son would be, if allowed at a reasonable figure, $4 per week, and it is the claim of respondents that this should have been deducted from the family expenses when the dependency of the parents is considered, and it is their claim that the money devoted to the decedent's own support could not at the same time be devoted to the support of his parents. The board was of the opinion:

"That there is nothing in the compensation law which would suggest any deduction for board of a son in a case of this kind."

But in our opinion this overlooks a fundamental principle underlying the law, and that is that it was adopted to compensate for a loss, and that the loss in

every case must be determined by the facts in that particular case. Bearing in mind the principle of compensation, the question of dependency is always a question of fact. But, under the facts of this case, deducting from the amount which the board found the parents were dependent upon the son's earnings for at the time of his death, the $4 per week it clearly appears it cost them to board him would make this a case of no dependency.

The award is therefore erroneous, and must be reversed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.