Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARGARET FOSKET, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of ROBERT J. FOSKET, v. A. J. BUSCHMANN COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 8, 1920.

**Workmen's Compensation Law — when mother and infant brother not dependents of decedent.**

Where an employee who was killed in his employment left neither wife nor children, an award cannot properly be made to his mother and to an infant brother as dependents, where it appears that the father is living and earning a salary sufficient to support the mother and infant children, and the decedent never contributed to the mother's support but merely paid her a weekly sum for his board and lodging.

COCHRANE, J., and J. M. KELLOGG, P. J., dissent, with opinion.

APPEAL by the defendants, A. J. Buschmann Company and another, from an award and decision of the State Industrial Commission, entered in the office of said Commission on the 16th day of February, 1920.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

WOODWARD, J.:

Robert J. Fosket, aged twenty-four years, received injuries from which he died almost immediately while employed by A. J. Buschmann Company, electrical contractors, on the 23d day of December, 1919. No questions relating to liability for the injuries arise upon this appeal. The only questions relate to the dependency of the mother and an infant brother of the deceased, to whom the State Industrial Commission has made awards.

The decedent left him surviving no wife or children under the age of eighteen years, and in order to make any distribution for death benefits, outside of the funeral expenses,

it is necessary to find brothers and sisters under the age of eighteen years who were " dependent upon the deceased at the time of the accident," or a parent or parents, or a grandparent or grandparents, who were " dependent upon him at the time of the accident " (Workmen's Compensation Law, § 16, subd. 4, as amd. by Laws of 1916, chap. 622),* and the State Industrial Commission, by its order, has discovered such persons in the mother of the decedent and a brother fourteen years of age, while a sister of sixteen years of age, apparently in the same position as the minor brother, is excluded from the award.

The employer and the insurance carrier appeal from this award, and urge that the evidence, under the rules laid down by this court, does not show the dependency of the persons named. The record in this case consists of the sworn statement of the claimant, Margaret Fosket, in so far as the evidence of the dependency is concerned, and is as follows:

" I am the mother of the deceased Robert Fosket, who met his death on December 23d, 1919, while in the employ of A. J. Buschmann Co., employed there as an electrician, by being electrocuted while working at the Astoria Mahogany Company, at the foot of Blackwell street, Long Island City. The deceased was single and gave me $15 per week for board, lodging and washing; that he bought and paid for his own clothes, but did not contribute anything further than $15 per week which he paid for board, lodging and washing.

" The deceased's father is alive, and is employed as a letter-carrier in the post-office, earning $1,500 per year. Deceased also left a brother who is 28 years of age, and who lives with me and pays $10 per week for board, lodging and washing. This brother is contemplating being married, and of late he has not given me this $10 per week as I agreed to let him have it in order to prepare for his marriage. I have also two younger children, one 14 and the other 16 years of age, and they both attend school."

She testified that George, the twenty-eight-year-old brother, stopped paying his ten dollars per week in November prior to the death of Robert in December, and that he had not since

---

* Since amd. by Laws of 1920, chap. 532.— [REP.

resumed such payments, though living with his mother. Of course, there is no legal liability on the part of the mother, as there was not on the part of Robert, to support George. He was twenty-eight years of age, and presumably able to care for himself, and the fact that the mother waived the payment of board does not tend in any manner to show dependency on her part. George does not have to be boarded, lodged or otherwise cared for, and the claimant's husband draws $1,500 per year and owes the legal duty of supporting his wife and minor children. There is no evidence that he is not able to do this; the fact that boarding and caring for George gratuitously increases the family expenses beyond the apparent income does not constitute dependency on the part of the claimant and her infant son. So far as the record discloses, when Robert was at home paying fifteen dollars per week the table costs of the family, including George, aggregated twenty-five dollars or thirty dollars per week, and the husband was contributing fifty-four dollars twice a month, out of which the claimant says she paid all of his expenses. It is not claimed that Robert was contributing gratuitously to the family; he was paying " $15 per week for board, lodging and washing," but " did not contribute anything further than $15 per week which he paid for board, lodging and washing." It may be assumed that this was a liberal payment in an humble family for board, lodging and washing, but it is not pretended that it was a gift; it was a payment from a man twenty-four years of age for board, lodging and washing, and while it probably resulted in some degree of profit, it is not shown to have been the result of dependency on the part of the mother; there is no reason to suppose that she would stand in need of any of the ordinary comforts and conveniences of her station in life if Robert had lived with some other family and had not paid anything into the funds of the household. Unless this court has been wrong in the cases of *Pifumer* v. *Rheinstein & Haas, Inc.* (187 App. Div. 821); *Frey* v. *McLoughlin Bros., Inc.* (Id. 824), and *Mulraney* v. *Brooklyn Rapid Transit Co.* (190 id. 774), and the cases upon which these have been predicated, the award in this case cannot stand; there is no evidence to support the alleged dependency of the mother and infant brother of the decedent.

The award should be reversed.

All concur, except COCHRANE, J., dissenting, with an opinion in which JOHN M. KELLOGG, P. J., concurs.

COCHRANE, J. (dissenting):

At the time of the death of Robert J. Fosket he was twenty-four years old and was living with his parents. The other members of the family consisted of an older brother and a younger sister and brother, aged sixteen and fourteen years, respectively, who were attending school. Robert had been paying to his mother fifteen dollars weekly. From her husband, who was a letter-carrier, she received fifty-four dollars twice a month. That was the only income of the family. With it she paid all household expenses, performing herself all the household services, including substantially all the laundry work. The oldest son was about to be married and leave home and was retaining with a view to that event all of his earnings, contributing nothing to the family. The mother testifies that she paid twenty-nine dollars a month for house rent and that the table supplies for the family of six cost from twenty-five to thirty dollars a week. If a deduction of one-third be made from this last item, which would be the proportionate share of that item chargeable to the deceased son and to the son who was about to marry and leave home, it follows that the one hundred and eight dollars a month contributed by the claimant's husband to the family expenses would about pay the rent and table supplies for the family of four, leaving nothing for clothing, fuel and incidental expenses. In corroboration of this conclusion the claimant testified that since the death of Robert she had been obliged to use one hundred dollars which prior to that time she had saved. That saving represents the entire property of the family, except that her husband may, perhaps, have a fifty-dollar Liberty bond. I think it cannot be said that there is no evidence of dependency.

JOHN M. KELLOGG, P. J., concurs.

Award reversed and claim dismissed.