KOSTAMO *v.* H. G. CHRISTMAN CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL
   DEPENDENTS.
   Where an unmarried son 34 years of age, living at home
   with his mother and stepfather, during the year preceding
   his death, contributed an average of $33 a month to his
   mother above the amount he paid for his board, the
   finding of the industrial accident board that the mother
   was partially dependent upon deceased, under the work-
   men's compensation act, was justified although for the
   seven weeks immediately preceding his death, when he
   was away from home, he contributed nothing.

2. SAME—AMOUNT OF COMPENSATION—COMPUTATION.
   Evidence that decedent earned during the year $922.50, and
   that he contributed to plaintiff's support a total of $338.25
   during that time, justified an award to her by the board
   of $5.07 per week for 300 weeks, as a partial dependent,
   under section 5, pt. 2, of the act (2 Comp. Laws 1915,
   § 5435).

3. SAME—AMOUNT ADVANCED FOR FUNERAL EXPENSES DEDUCTED.
   Where the parties agreed before the committee of arbitra-
   tion that in case of dependency the sum of $226.50, paid
   by defendant for funeral expenses, should be allowed and
   deducted, but the committee allowed only $200, the award
   will be modified and the sum agreed upon deducted.

Certiorari to Industrial Accident Board. Submitted
June 17, 1921. (Docket No. 88.) Decided July 19,
1921.

Maggie W. Kostamo presented her claim for com-
pensation against the H. G. Christman Company for
the accidental death of her son in defendant's employ.
From an order awarding compensation, defendant
and the General Accident, Fire and Life Assurance

The question as to who are "dependents" within the meaning
of the workmen's compensation statutes, is discussed in notes
in L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R.
A. 1918F, 488; 13 A. L. R. 686.

Corporation, Limited, insurer, bring certiorari. Modified and affirmed.

*Kerr & Lacy,* for appellants.

*Jacob A. Tolonen,* for appellee.

STONE, J.    The applicant herein, called the plaintiff, claims compensation as a dependent of her son, John Wessala, who sustained an accidental injury while in the employ of the defendant H. G. Christman Company, in the city of Detroit on May 17, 1920, and died the same day as the result of said injuries.    It was conceded on the part of the defendants that the decedent was earning $35.10 per week at the time of the injury.    The only question in controversy is whether the plaintiff was a dependent within the meaning of the compensation law, and, if so, the extent of her dependency.    The matter was heard on arbitration in November, 1920, and plaintiff was awarded compensation at the rate of $4.22 per week for a period of 300 weeks for partial dependency.    From this award defendants appealed to the industrial accident board, basing their claim upon the following grounds:

(1) The committee of arbitration erred in ruling that there was any dependency and that plaintiff was a dependent under the terms of the compensation law.

(2) The committee erred in its computation of the basis of dependency, and the extent thereof.

The evidence before the committee and the board tended to show that decedent, who was 34 years of age, and unmarried, had lived in the home of his mother and stepfather in Houghton county for a period of more than a year immediately preceding March, 1920.    The family consisted of the plaintiff, her husband, this decedent and two children of the plaintiff's husband by a former marriage, aged 15 and

18 years respectively, who were not working; also another son of the plaintiff, named George, lived with the family part of the time. The decedent, his brother George, and two strangers boarded with the family, and each paid board at the rate of $27 per month. The plaintiff testified that during the time the decedent lived with the family in Houghton county, he paid her regularly considerable money in addition to his board. She estimated the amount of his contributions to her at not less than $33 per month, over and above board of $27 per month; that he had been assisting her in that way "fifteen months consecutively." There was other testimony tending to place the amount of decedent's contributions to his mother at $33 per month.

As to the use to which this money was put, and the necessity for the same, plaintiff testified, in part, as follows:

"Q. Now you said a little while ago that the board money you received together with your husband's salary prior to the time he had been laid off work, was sufficient to buy all the necessities. In that board money did you include the assistance of this extra $33 that you were getting from John? In other words, was that also necessary? Was it necessary that you received that $30 in addition to the board money from John?

"A. Yes, that was necessary, too.

"Q. That is $33 you had to get that from John to get along?

"A. Yes, sir."

The defendants submitted the deposition of John Kostamo, husband of the plaintiff, and stepfather of the decedent. He testified that decedent, in common with the other boarders, paid $27 per month to him for his board, and that he paid the bills and running expenses of the home; that decedent made some contributions to his mother, but he did not know the

amount, and that these contributions were used by the mother to buy herself clothing. It also appeared that the plaintiff and her husband owned a house and lot at South Range, in Houghton county, but that no payments had been made thereon during the past year, and that the entire income of the family had gone to its support, and that the contributions made by decedent to his mother were necessary.

It appeared that decedent left the home in Houghton county the latter part of March, 1920. The plaintiff testified: "He left in the last days of March." He gave his mother $51 before leaving home and had contributed nothing for her support thereafter. He was killed on May 17, 1920, probably about seven weeks after he left home. It was agreed that he was earning $5.85 per day at the employment in which he was engaged at the time of his death. The report filed by the defendant company with the board contained the statement: "How long employed? 2 days."

Aside from this statement in the report there was no evidence before the board as to what, if anything, the decedent earned after he left the home. He did earn $90 per month during the period of the year, or more, prior to leaving home.

Section 5 of part 2 of the compensation law (2 Comp. Laws 1915, § 5435) provides:

"If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury."

After quoting the above provision of the statute the board concludes its findings as follows:

"(11) During the year immediately preceding his death, decedent lived in the home of his stepfather

and his mother, the applicant, substantially ten and one-quarter months. During the remaining one and three-quarter months of the year, he was not living at home. During the period of ten and one-fourth months that decedent lived in the home, he contributed, according to the testimony, at the rate of $33 per month, or contributed a total of $338.25, which constitutes decedent's contribution to the support of his mother during the year preceding his death, as he made no contributions after leaving home. His earning, during this period of ten and one-fourth months which he lived at home and earned $90 per month, amounted to $922.50. There is no testimony that he earned any money after leaving home, except as indicated by the report that he worked two days, which, at the rate of wages given in the record, would amount to $11.70, making his total earnings, under the proofs, $934.20.

"(12) Under the provisions of the statute, above quoted, applicant's dependency, if she was dependent, should be computed as follows:

C:44::338.25:934.20.

According to this computation, applicant would be entitled to compensation at the rate of $5.07 per week.

"(13) We are satisfied from the proofs before us that plaintiff was dependent. The respondents have filed no briefs with this board and we are not advised as to their theory but it is shown by the record before us that the decedent contributed to his mother at the rate of $33 per month, during the time when he remained at home; $51 of this he gave her upon leaving home. It appears from the testimony presented by the respondents, that the running expenses of the home, exclusive of the claimant's clothing and personal necessities, were provided for by the husband out of his wages and the proceeds received from the boarders. It appears from the testimony before us that it required all of the earnings of the husband and the proceeds from the boarders, together with the contributions made by the decedent to meet the running expenses of the household and family, and provide the applicant with clothing.

"(14) It does appear that the decedent had not sent money to his mother during the seven weeks preced-

ing his death.    However, he had left his home and acquaintances in Houghton county and gone to the city of Detroit; where he was presumably among strangers.    There is no evidence before us that he had received any money after he left the home.    It is probable that it was difficult or impossible for the parties to furnish proof as to his earnings during this period.    It would have been of advantage to the respondents to have shown, if possible, what he earned during this interval, as the greater the amount of his annual earnings in relation to the amount contributed, the less the amount of their liability.

"(15)    The decedent was 34 years of age.    He had been contributing to his mother's support regularly. There is nothing in the record, and nothing in the circumstances of this case, which would naturally lead to the conclusion, that he had changed his established policy of contributing to the support of his mother, who is shown by the proofs to have needed the support.    In fact, it appears from the proofs that the applicant's husband had become incapacitated for work because of the infirmities of age, after the decedent left home, and the necessity for his contributions to her support had become greater.

"(16)    After a careful consideration of all the testimony, and records before us, we find upon the only material questions at issue in this case:

"(*a*)    That the applicant, Maggie W. Kostamo, was partially dependent upon the decedent, John Wessala, for support at the time of the accident which caused his death;

"(*b*)    That the annual contribution of said decedent to the support of the applicant, his mother, during the year immediately preceding his accidental death, amounted to $338.25;

"(*c*)    That the decedent's annual earnings during the years immediately preceding his death, amounted to $934.20;

"(*d*)    That the applicant is entitled to receive and recover compensation from both of said respondents in the sum of $5.07 per week for a period of 300 weeks, as partial dependent.

"(17)    It therefore follows that the award on arbi-

tration should be modified, and an order will be duly entered in conformity with the above findings."

The defendants in their petition for certiorari assign error as follows:

(1) The committee of arbitration and the industrial accident board each erred in its finding that there was any testimony in the record that disclosed any dependency of the applicant upon the deceased employee under the terms of the compensation law.

(2) That each erred in its computation of the basis of dependency, and the extent thereof.

(3) That the committee and the board, and more especially the latter, erred in failing to allow to the respondents the amount of $226.50 paid out by the respondents for funeral and burial expenses, agreement for which allowance was stipulated by the parties.

(4) The committee and the board erred in entering any award in any form whatsoever, except that respondents were not liable in any manner to the applicant.

Upon the first two points urged, we are unable to agree with the contention of defendants. We do not think that the record is barren of any testimony from which a conclusion can be drawn that after decedent left home the mother was in any way dependent upon him. We think there was evidence that she was partially dependent upon him. That evidence we shall not weigh. Because decedent had not contributed anything for a period of seven weeks it is urged that there was no dependency at the time of the accident. It should be borne in mind that he gave his mother $51 before leaving home. What inference should be drawn from this circumstance?

In *Turner* v. *Miller & Richards*, 3 B. W. C. C. 305, a workman who had been a sailor had been accustomed to send money home to his parents. On taking up work on shore for his father he gave a certain amount

to his mother each week. On going to sea as a sailor again he was drowned, not having at that time sent anything home. It was held that there was evidence to support a finding that the deceased had been a contributor for years, and would have continued as such had he lived, and that the family was therefore dependent upon him.

The evidence upon which the board may act need not be direct, but may be circumstantial. *Meyers* v. *Railroad Co.*, 199 Mich. 134.

In proceedings to recover compensation, the facts required to establish a dependent's claim to compensation need not necessarily be proved by direct evidence, but may be established by reasonable inferences drawn from facts shown to exist. *Murphy's Case*, 230 Mass. 99 (119 N. E. 657).

In the case of *Miller* v. *Storage & Cartage Co.*, 189 Mich. 360, the injury was received September 2, 1914. The claimant, a sister, at the time of the injury was in Colorado. While she was there she had received no aid from her brother, but she had received some before she left. We affirmed the award, holding that the test of dependency is not whether the members of the family could support life without the contributions of decedent, but whether they depended on him for part of their income, or means of living. Other cases might be cited to the same effect. We are of the opinion that the basis of dependency adopted by the board was, in view of the evidence, and the statute above quoted, the correct one.

We notice that plaintiff's attorney claims in his brief that the plaintiff was wholly dependent on her son and that it should be so held. The plaintiff not having assigned error, or asked for a writ of certiorari, is in no position to claim more than was awarded by the board.

The third assignment of error is well taken. The

parties agreed before the committee of arbitration that in case of dependency the sum of $226.50, paid by defendants for funeral expenses, should be allowed, and deducted. The committee allowed $200 only. The former sum will be deducted from the first payment due. To that extent the award will be modified. As so modified the award of the board will be affirmed,. with costs to plaintiff.

Modified and affirmed.

Steere, C. J., and Moore, Wiest, Fellows, Clark, Bird, and Sharpe, JJ., concurred.