Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of FANNY FREAR and GEORGE FREAR, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Their Son, WILLIAM FREAR, *v.* GEORGE ELLS, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

**Workmen's Compensation Law — injury arising out of and in course of employment — employee of garage died from burns received when customer held lighted match near employee's gasoline-soaked trousers — dependency — decedent contributing more than one-third for support of family consisting of himself and his father and mother — mother dependent — father not dependent.**

The death of an employee of a garage was caused by an injury arising out of and in the course of his employment, where it appeared that he spilled some gasoline on his trousers; that a customer of the garage suggested that he would dry off or burn off the gasoline and thereupon held a lighted match near the employee's trousers which set them on fire, causing the burns from which the employee subsequently died.

The mother of the decedent was dependent on him, where it appeared that the total expense of the family, consisting of the decedent and his father and mother, was twenty-five dollars per week; that the mother was not a wage earner; that the decedent contributed thirteen dollars per week to the family expenses and gave all his excess earnings to his mother, and that the father contributed twelve dollars per week to the family expenses, though it appeared that he earned about twenty-two dollars per week and used ten dollars thereof to pay off a mortgage on the family home. But, under the circumstances, it cannot be held that the father was dependent on the deceased son.

APPEAL by the defendants, George Ells and another, from two awards of the State Industrial Board, entered in the office of said Board on the 28th day of April, 1921, and the 15th day of September, 1921, respectively.

*Benjamin C. Loder* [*E. C. Sherwood* and *Clarence S. Zipp* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The employer maintained a workshop for the sale and repair of bicycles and motor cycles. The employee, for whose death an award was made, worked in the shop making repairs. On the day of the accident which caused his death he was engaged in cleaning a motorcycle. For this purpose he had placed a pan of gasoline on the step of the vehicle. The pan was accidentally upset and the gasoline spilled on the employee's trousers. A policeman, who had come to the shop to buy oil for his motorcycle, was standing near by. He made the exclamation to the employee that the gasoline would soak through and blister his skin. Thereupon, stating to the employee that he would dry off or burn off the gasoline, the policeman struck a match and thrust out its flame towards the employee. The gasoline immediately ignited and the flames which followed caused such burns that the employee died. It was an incident of the employment that gasoline spilled upon the clothes of the deceased employee. It was likewise an incident of the employment that a customer of the employer came into the shop to buy oil. If the customer had ignited a match for the purpose of lighting a cigar, with the result that the clothes of the employee were set afire, everyone would say that the accident occurred from a risk incidental to the employment. The accident in question was due to the folly of an ignorant customer who entertained the belief that clothes soaked with gasoline could be dried off by a flame held in close proximity with safety to their wearer. That a customer should be so sublimely ignorant we likewise conceive to be a risk incidental to the employment. We, therefore, hold that the employee came to his death through an accident arising out of his employment.

Awards were made to the father and mother as persons dependent upon the employee for their support. The employee, his parents and a sister constituted the family. The total expenses of the family for food, clothing, heat, light and other incidentals was forty dollars per week. The sister received only her board from the family, for which she paid five dollars a week. Ten dollars a week was paid from the fund of forty dollars to reduce the principal of a mortgage upon the family house. The actual support of the father, mother and son was, therefore, twenty-five dollars per week. The mother was not a wage earner. The

maximum contribution of the son was thirteen dollars per week. The father earned five dollars per day, and, while it is true that owing to sickness his employment was not continuous, the mathematics of the case compel the conclusion that he contributed twelve dollars a week to the family support and ten dollars a week to the reduction of the mortgage. The case works out to establish that the mother was a dependent of her deceased son. It is otherwise with the father. He contributed more than his one-third of the total cost of supporting a family of three. The son contributed more than his one-third. Consequently, neither was directly dependent upon the other, while the mother was dependent upon both. All the excess earnings of the son went to the mother. To call the father a dependent because the support of the mother by the son *pro tanto* relieved the father, is merely to count twice the aid furnished by the son. The argument involves the following *non sequitur:* A supports B; in consequence C does not support B; *ergo,* A supports C. Moreover, the fact that the father made a weekly payment of ten dollars in reduction of the mortgage shows that he was not without adequate means to support himself and was not dependent on his son therefor.

The award should be modified by striking therefrom the provision for death benefits made on behalf of the father.

A'ward modified by striking therefrom the provision for death benefit made on behalf of the father, and as modified unanimously affirmed, without costs.