ESTRIN *v.* WORKMEN'S CIRCLE COLONY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FIND-
INGS OF DEPARTMENT CONCLUSIVE IF SUPPORTED BY EVIDENCE.

In proceedings under the workmen's compensation act, the
department of labor and industry is trier of the facts, and
its findings, if supported by evidence, will not be disturbed,
on review.

2. SAME—OTHERS BENEFITING FROM SON'S CONTRIBUTIONS NOT
NECESSARILY DEPENDENTS.

Although other members of family benefited by contributions
of a son to his mother, it does not follow that they were
partially dependent on him within the meaning of the work-
men's compensation act.

3. SAME—RULE FOR DETERMINING DEGREE OF MOTHER'S DEPEND-
ENCY WHERE OTHERS SHARED IN SON'S CONTRIBUTIONS.

Where others shared in son's contributions to his mother,
amount contributed to her support, representing degree of
her dependency, may be determined by deducting the cost
of his support plus amount he contributed to others from
amount he paid to her.

4. SAME.

Where there was sufficient evidence from which to determine
degree of mother's dependency on son, an order of the de-
partment denying compensation to her on the ground that
because others shared in son's contributions it was impossi-
ble to determine degree of mother's dependency is reversed,
and case remanded.

Certiorari to Department of Labor and Industry.
Submitted October 25, 1929. (Docket No. 57, Calen-
dar No. 34,503.) Decided January 24, 1930.

Mrs. Rose Estrin presented her claim for com-
pensation against the Workmen's Circle Colony, In-
corporated, and the London Guarantee & Accident

On right and extent of review of findings of commission in pro-
ceedings under workmen's compensation act, see annotation in L. R.
A. 1916A, 178 *et seq.*; L. R. A. 1917D, 186.

Company, Limited, for the accidental death of her son in defendant's employ. From an order of the Commission of the Department of Labor and Industry denying compensation, plaintiff brings certiorari. Reversed.

*William C. Brown,* for plaintiff.

*Dunham & Cholette* and *G. F. Classon,* for defendants.

McDonald, J. The plaintiff reviews by certiorari an order of the department of labor and industry in which she was denied compensation on a claim that she was a dependent of her deceased son, Harry Estrin, who was drowned on August 1, 1928, while employed by the Workmen's Circle Colony, Inc. The Colony was conducting a summer camp for children at South Haven, Michigan. Harry Estrin was employed as physical instructor. In addition to other work, he had charge of the swimming activities. At the time of his death, he was with a group of children in the lake. A little girl got beyond the sand bar. He went to her rescue. On account of a strong undertow both were drowned. His mother, claiming to be a dependent, filed an application for compensation. The deputy commissioner who heard the claim found that she was partially dependent and allowed her $7.18 a week for a period of 300 weeks. The defendants appealed, claiming that the evidence did not show dependency. The plaintiff also appealed, claiming that compensation should have been allowed for total dependency. On the hearing before the board, compensation was denied on the theory that the plaintiff was not wholly or partially dependent.

It is conceded that the accidental drowning of Harry Estrin arose out of and in the course of his employment. The only question involved is the plaintiff's dependency.

The opinion of the commissioners is not as definite in many particulars as it should be. As we understand it, they accepted the plaintiff's testimony on the material facts of her claim but denied compensation on the ground that because others shared in her contributions from the deceased it was not possible to determine the degree of her dependency. We quote from the opinion:

"Is the fact that five other people shared in the contributions made by deceased fatal to plaintiff's claim? In other words, does her testimony fall by its own weight? The commission are of the opinion that it does.

"The commission must find that if plaintiff's testimony is true she was not the only one that was dependent on decedent for support and maintenance; that besides the father being a dependent there was the dependency of the son Nathan. (How can the amount of contributions for plaintiff be determined in view of plaintiff's testimony?)"

Though other members of the family benefited by contributions to the mother, it does not follow that they were partially dependent on the deceased within the meaning of the statute. But that question we need not discuss, because it does not interfere with a determination of the amount of contribution to the mother. We are unable to understand why the commissioners found it impossible to ascertain what proportion of the contributions were solely for the mother. The facts show that she had no property and looked to the deceased for support. All other members of the household were wage earners. She

was the business end of the family, which consisted of herself, her husband, three sons including the deceased, and a niece. The total household expense was $48 a week, of which the father, who was a carpenter working for union wages, contributed $7; a son, Benny, contributed $7; Nathan, a young lad who earned money from the sale of newspapers, contributed $2; and the niece, $7, making a total of $23. Harry, the deceased, contributed $25 a week. All of these contributions were made to the mother. She testified that the expense of board and room for each member of the family was $8 a week. Harry's earnings for the year preceding his death averaged $45 a week. With these facts as a basis, it is a simple matter to determine how much of Harry's contribution went to the mother personally. It can be done by deducting the cost of his support plus the amount he contributed to other members of the family from the amount he paid to his mother. If there be no difference there is no dependency. If there is a difference, it represents the degree of her dependency. She received from the deceased $25 a week. Of this she devoted $9 to the support of other members of the family above the amount they paid her. His board and room cost her $8, leaving a balance of $8 in her hands. This amount shows her dependency on him for her support to the extent of $8 a week. With this and other material facts before it, the board had but to apply the rule laid down in *Kostamo* v. *Christman Co.,* 214 Mich. 652, to determine the compensation to which she was entitled.

The board is trier of the facts. We have frequently said that we will not disturb a finding of fact that has support in the evidence. But in this case denial of compensation is not based on a finding of the facts. It is based on a failure of the board from

the evidence before it to make a finding as to the proportion of the contribution that went to the mother. The order is reversed, and the cause remanded for the purpose of determining the amount of contribution to the plaintiff and fixing her compensation under the rule in *Kostamo* v. *Christman Co., supra.* The plaintiff will have costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.