NEUBAUER *v.* LEVY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL DEPENDENCY—BURDEN OF PROOF.

  Parents claiming under workmen's compensation act to be partly dependent on earnings of son accidentally killed have burden of proving that son's contributions constituted in fact part of their means of living.

As to who are dependents within the meaning of workmen's compensation acts, see annotation in L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483; 13 A. L. R. 693; 30 A. L. R. 1258; 35 A. L. R. 1075; 39 A. L. R. 314.

2. SAME—WHEN PARENTS NOT DEPENDENT.
    Parents able to save all money contributed by son after payment
        of his cost are not dependent on him for support within mean-
        ing of workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted November 11, 1930. (Docket No. 182, Calendar No. 34,476.) Decided December 2, 1930.

Frank J. Neubauer and another presented their claim for compensation against Edward C. Levy, employer, for the accidental death of their son, John Neubauer, while in defendant's employ. From an order awarding compensation, defendant and Commercial Casualty Insurance Company, insurer, bring certiorari. Reversed.

*C. Dean Alexander,* for plaintiffs.

*Frederick J. Ward,* for defendants.

FEAD, J. John Neubauer, 20 years old, son of plaintiffs, was accidentally killed September 9, 1927, while in the employ of defendant Levy. The question is whether plaintiffs are entitled to compensation for his death as "partly dependent upon his earnings for support at the time of his injury." 2 Comp. Laws 1915, § 5435.

Plaintiffs own a two-story flat, from which they receive rent of $70 per month, a summer home, and a store building in which they live and conduct a dry goods and shoe store, with a stock of estimated value of $12,000. The worth of the real estate was not shown. It had all been paid for out of the family earnings, including those of John and another son, now married.

Plaintiffs' books of account were put in evidence and audit made. We will take the controverted figures as accepted by the board. In the year before

John's death the store produced a net profit to plaintiffs of $1,725.18; the father's savings account increased $1,134.75 by deposits; and his commercial account increased about $2,400, which is substantially offset, however, by an item of $2,165 received from the city on a widening project and not a part of ordinary income. Among the items charged in arriving at net profits were taxes of about $1,800, insurance $136, and medical bills $357. In the year and two months after John's death the savings account increased another $1,000.

Plaintiffs, John, and two sisters, aged 14 and 18 years respectively, and then attending school, lived at home. During his last year, John gave his father $1,213, which went into the father's commercial bank account. His board and room cost $5 per week, which left $953 of his contributions devoted to other purposes. It will be noted that this was less than the amount of the father's savings during the same period.

The father and mother testified that John's contributions were used for family living expenses, but they stated no details in substantiation of the claim, and, under the situation here, their assertions were merely conclusions and did not constitute evidence as against established facts. The only conclusion that can be drawn from the evidence is that John's contributions went into the family funds, to be used with them indiscriminately in payment of merchandise, general expenses of the property and business, savings and living.

Plaintiffs had the burden of proving that John's contributions constituted in fact part of their means of living. *Kostamo* v. *Christman Co.,* 214 Mich. 652, 659.

Some courts have said that parents may be partly dependent for support on a child, although, out of

the family exchequer, they pay reasonable amounts compared with their income for life insurance, on the purchase price of a home, for its repair, or other upkeep; and have suggested that modest savings may be made against a time of adversity and as a matter of family protection without departing from the realm of support. *Milwaukee Basket Co.* v. *Wiecki,* 173 Wis. 391 (181 N. W. 308); *Jones* v. *Texas Employers' Insurance Association* (Texas Civ. App.), 268 S. W. 1004; *Dazy* v. *Apponaug Co.,* 36 R. I. 81 (89 Atl. 160). But it was not the legislative intent that parents should be permitted to swell their investment account at the expense of an employer of their son. Where parents are able to save all the money contributed by the child after payment of his cost, they are not dependent on him for support. *Schedzick* v. *Volney Paper Co.,* 193 N. Y. App. Div. 551 (184 N. Y. Supp. 424); *Dazy* v. *Apponaug Co., supra; Atwood* v. *Power Co.,* 95 Conn. 669 (112 Atl. 269). Plaintiffs did not show the cost of the family living. From the evidence, John's contributions, over his family living expenses, were of the character of family investment and not of support of plaintiffs. Also,

"Parents of a deceased employee were not dependent upon him so as to be entitled to compensation for his death, where, if the amount that the son's board cost the father was deducted from the family expenses, the father's income was more than adequate to meet expenses." *Moll* v. *City Bakery,* 199 Mich. 670 (syllabus).

The award of compensation to plaintiffs as part dependents of their son is reversed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.