ROWE *v.* FORD MOTOR CO.

Workmen's Compensation—Partial Dependency—Equally Divided Court.

Award by department of labor and industry of $10.54 weekly for 300 weeks to mother and sister of deceased employee because of their partial dependency upon him is affirmed by an equally divided court on record showing stepfather contributed $9 out of $30 weekly income toward support of family, deceased contributed $10 for board and an additional $12 a week to mother and sister, latter's brother paid $10 a week for board, and family expenses totalled $39.37 weekly.

Appeal from Department of Labor and Industry. Submitted April 5, 1938. (Docket No. 1, Calendar No. 39,726.)   Decided December 22, 1938.

Jennie Seivers Rowe, mother, and Bernice Seivers, minor sister, of Leon Seivers, deceased, presented their claim as dependents for compensation against Ford Motor Company for accidental death of Leon Seivers while in defendant's employ.   Award to plaintiffs.   Defendant appeals.   Affirmed by an equally divided court.

*Justin M. Hannick,* for plaintiffs.

*E. C. Starkey* and *W. J. Jones,* for defendant.

Butzel, J.   On April 2, 1936, Leon Seivers met with a fatal accident which admittedly arose in the course of and out of his employment with defendant. He left surviving him his mother, Jennie Seivers Rowe, and a sister 11 years of age, plaintiffs herein, and also a brother, Eugene Seivers, and a stepfather, Steven Rowe.   The latter had married decedent's mother in August, 1932, and thereafter became a member of the household, consisting of decedent, the mother, and the other two children.   Mr. Rowe worked for defendant for several years, up to the time of decedent's death.   Since then he has worked intermittently for others as a carpenter.   His weekly wages from defendant averaged $30, from which he contributed only $9 towards the family's support. He testified that out of the balance, he contributed towards the support of a widowed mother living in Newfoundland and paid up bills contracted before his marriage to decedent's mother.   He and Mrs. Rowe had a joint savings account of $70 at the time of Leon's death, and he also had an investment ac-

count with defendant amounting to $270, but these accounts were offset by amounts owed. The family had no surplus over and above debts due and payable.

Plaintiffs applied for compensation for the death of Leon Seivers. The department found that the weekly expenses of the family were $4 for rent, $15 for groceries, $5 for clothes, and $15.37 for insurance, electricity, telephone, coal, milk, and incidentals, making a total of $39.37, which amount was required to purchase the necessities of a family living in a meagre way. To meet these expenses, decedent paid $10 a week board and also contributed an additional $12 to his mother for the support of herself and the sister. Eugene paid $10 board and had Mr. Rowe turned in his entire $30, instead of only $9, there would have been $62 a week that could have been used for the support of the family.

The department found the mother and sister to be partially dependent and awarded to them $10.54 per week for 300 weeks from the date of the accident. Defendant contends that the department was in error in holding that deceased's mother and sister were dependent upon his contributions of $12 a week. It is claimed that the father had a duty to support the family, that his income was adequate to meet the family expenses, and that, therefore, the plaintiffs were dependent upon him, and not upon the deceased son.

There is no question but that the father had a duty to support his wife. *Howe* v. *North,* 69 Mich. 272; *Root* v. *Root,* 164 Mich. 638 (32 L. R. A. [N. S.] 837, Ann. Cas. 1912B, 740). There is a question, which need not be determined in this case, whether there was a legal duty on his part to support a minor stepdaughter. However, the fact that the father had a duty to support his family does not preclude

a finding that they were in fact dependent upon the son.

Dependency is a question of fact to be determined as of the date of the accident, irrespective of any change in conditions subsequent thereto. At the date of the accident, the mother and sister of the deceased had no income of their own and were dependent upon others for their support. At that date, as a matter of fact, they relied upon the contributions of the son and depended upon him and did not rely on the father. The possibility that, at some future date, the father might contribute to their support, cannot preclude a finding that the plaintiffs were in fact dependent upon the deceased at the date of the accident. The question is really not whether the mother and sister could have obtained support through the father or in some other manner, but whether they did actually depend upon the son. *Miller* v. *Riverside Storage & Cartage Co.*, 189 Mich. 360; *Kostamo* v. *H. G. Christman Co.*, 214 Mich. 652. Notwithstanding the income of the father, plaintiffs were dependent on the contributions of the deceased at the time of the accident. *Grant* v. *Kotwall*, 133 Md. 573 (105 Atl. 758); *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295 (114 Atl. 109); *Henry Pratt Co.* v. *Industrial Commission*, 293 Ill. 367 (127 N. E. 754); *London Guarantee & Accident Co.* v. *Hoage*, 64 App. D. C. 105 (75 Fed. [2d] 236); *Frear* v. *Ells*, 200 App. Div. 239 (193 N. Y. Supp. 324). There are some cases that uphold defendant's contention that if the father was earning sufficient to support himself and his wife, the latter was not dependent upon the contributions of the son. *Fosket* v. *A. J. Buschmann Co.*, 193 App. Div. 342 (183 N. Y. Supp. 919); *Frey* v. *McLoughlin Bros., Inc.*, 187 App. Div. 824 (175 N. Y. Supp. 973); *Kelley* v. *Hoefler Ice Cream Co.*, 196 App. Div. 800

(188 N. Y. Supp. 584). The weight of authority, however, is to the contrary.

In *Estrin* v. *Workmen's Circle Colony*, 249 Mich. 186, the father of the deceased employee was a carpenter earning a substantial wage, but contributed only $7 a week towards the family expenses of $48 a week. The son contributed $25 a week. The briefs and record in that case show that the question of the effect upon the dependency of the mother, of the father's duty and ability to support, was raised. The court held that the mother was dependent upon the son to the extent of $8 a week even though the father earned wages largely in excess of the $7 a week he contributed. Notwithstanding the headnote in *Moll* v. *City Bakery*, 199 Mich. 670, that case only holds that if a son contributed no more than the cost of his board and room, he made no contribution to the support of the others in the family, and therefore, there was no dependency upon him. *Neubauer* v. *Levy*, 252 Mich. 83, merely held that if the contributions of the son were not used for support, no dependency was established. In the instant case, there is no question but that the contributions of decedent were in excess of the cost of his support and that they were actually used to support the plaintiffs. The department was not in error in holding that plaintiffs were dependent upon the contributions of the deceased employee.

It might be claimed that if the award is correct and the income of the father is not to be considered, dependency might be claimed even if the father earned a very large sum. Such is not the instant case. The department must decide cases on the facts before it. The listed expenditures of the family showed that rigid economy was exercised and only bare necessities were provided for. It was only

a short time before decedent's death that the mother was able to stop working herself. If the father had contributed a larger part of his earnings, the family could no doubt have lived more comfortably. But even if such were the case, it cannot be said as a matter of law, that the total family income would be more than adequate to support a family of five, and that the contributions by the son might not be reasonably necessary. Each case must be decided on its facts and not upon a supposititious set of circumstances.

Defendant also claims that even if the death of the employee did leave a deficit in the family budget, the department could not find that such a deficit applied entirely and solely to the mother and sister, and not to the rest of the family. In other words, the contention is that the contributions of decedent went to the support of the entire family, including the father and brother, and that, therefore, the plaintiffs were not entitled to the entire amount of the compensation awarded. However, it was held in *Bergerhoudt* v. *Riter-Conley Co.*, 242 Mich. 438, that if the producing members of the family contributed more than the cost of their support, then all of the contributions of the decedent went to the support of the non-producing members, and that they were dependent upon him to that amount. It is apparent, from the findings of the department, that in this case, the father and brother each contributed an amount equal to, or in excess of, the cost of his support, and that the contributions of the decedent went entirely to the support of the plaintiffs.

A showing of partial dependency, to the extent found by the department, was made. The award of $10.54 a week was mathematically correct and was based upon the earnings and contributions of the deceased.

The award is affirmed, with costs to appellees.

Bushnell, Chandler, and McAllister, JJ., concurred with Butzel, J.

Potter, J.    Leon Seivers, unmarried, 18 years of age, died April 2, 1936, as the result of an accident which arose out of and in the course of his employment by defendant.    His mother, Jennie Seivers Rowe, and sister, Bernice Seivers, 11 years old, claimed to have been dependent on deceased and entitled to a compensation under 2 Comp. Laws 1929, §§ 8421, 8422 (Stat. Ann. §§ 17.155, 17.156).

Jennie Seivers Rowe, the mother of deceased, Bernice and a son, Eugene, married Steven Rowe in 1932, about six years after the death of James Seivers, the father of her three children.    The parties were living together as one household at the time of the death of deceased.    The testimony indicated Mr. Rowe contributed $9 a week to the support of the household, Eugene $10 a week for board, and Leon $10 a week for board and an additional $12 a week, $10 of which was to support the mother and sister, the remaining $2 being for clothes for the mother.

The department of labor and industry found the above items constituted the total receipts of the family, being in all $41 a week, and that the weekly expenses for the family of five was $39.37.

The record discloses that $7 of the extra $10 given to the mother and sister of deceased by him for their mutual support was necessary for and did partially take care of the sister.    The award of the department of labor and industry provided compensation at the rate of $10.54 a week for a period of 300 weeks, from April 2, 1936, or until the further order of the department, should be paid to Jennie Seivers Rowe *"for the benefit of herself and her minor child, Bernice Seivers, share and share alike."*

At the time of the accident, deceased was earning $6 a day. His total earnings for one year prior to his death were $666.05. The department found deceased contributed $390 beyond the money for his board and lodging to the family budget during the year preceding his death. Relying upon *Kostamo* v. *H. G. Christman Co.*, 214 Mich. 652, the department determined that the above award be entered, it being its conclusion the mother and daughter were partially dependent upon deceased.

Defendant appeals, claiming the department erred in holding plaintiffs were dependent and the deficit in the family budget applied solely to the mother and sister of deceased. Defendant contends the proof showed Mr. Rowe earned $30 a week and that amount should have been considered in establishing the family budget rather than the $9 which the department used, and that on the basis of the husband's earnings there would be no dependency shown of plaintiffs on Leon for there would be $30 from Mr. Rowe, $10 from Eugene, $10 from Leon, $50 in all, as income over and above the $12 which Leon gave his mother and which it asserts should be considered as a gift not necessary in the support and maintenance of the family.

The issue herein depends upon whether the family income exceeded its expenses.

Plaintiffs rely upon *Miller* v. *Riverside Storage & Cartage Co.*, 189 Mich. 360, where it is said:

"The test of dependency is not whether the family could support life without the contributions of the deceased, but whether they depended upon them as part of that income or means of living."

That is, the test of dependency is whether the parties are dependent. Plaintiffs contend this case is authority for the position the $9 a week paid by Rowe, and not the $30 which he earned, was the

amount to be taken into consideration as showing that actually they were dependent upon the extra $12 which Leon contributed.

In *Moll* v. *City Bakery,* 199 Mich. 670, it was held the parents of a deceased employee were not dependent upon him so as to be entitled to compensation for his death where, if the amount the son's board cost the father was deducted from the family expenses, the father's income was more than sufficient to meet expenses. And in *Neubauer* v. *Levy,* 252 Mich. 83, it was said:

''Some courts have said that parents may be partly dependent for support on a child, although, out of the family exchequer, they pay reasonable amounts compared with their income for life insurance, on the purchase price of a home, for its repair, or other upkeep; and have suggested that modest savings may be made against a time of adversity and as a matter of family protection without departing from the realm of support. * * * But it was not the legislative intent that parents should be permitted to swell their investment account at the expense of an employer of their son. Where parents are able to save all the money contributed by the child after payment of his cost, they are not dependent on him for support.''

*Estrin* v. *Workmen's Circle Colony,* 249 Mich. 186, is to be distinguished from the *Moll* and *Neubauer Cases* and does not lay down a doctrine contrary thereto. It was there found the father contributed about $7 a week to the family support, while his minor son contributed $25 a week. It was not shown what the father's earnings were but rather it was testified that he was in poor health and did not work steadily.

Where the contribution, or claimed contribution, of a deceased who does not have the primary obligation, moral or legal, to support another is out of all

proportion to that of the one who does have such moral and legal obligation and prefers to lie back or so claims, pocketing or otherwise spending his money and shirking his legal and moral obligation of supporting his family, it cannot be said the legislature meant to lend its aid to his dependents by penalizing the employer of deceased.

In this case, the husband contributed $9 a week out of his $30 weekly wages for the support of the family, keeping out $21, while an 18-year-old stepson is supposed to have contributed $22 towards the family expenses. The decedent's mother was not dependent upon him because her husband's income was more than enough to take care of their *pro rata* share of the family expenses of $39.37 a week. Her uncontradicted testimony is that it took all of the contributions for board of Eugene and Leon to keep them. The fact the husband paid off about $300 in bills over a four-year period from 1932 to 1936 does not relieve him of his duty to support his wife. It is claimed he sent $15 a month to his mother in Newfoundland. He worked for defendant from January 11, 1934, to April 2, 1936, five and sometimes six days a week, with the exception of 18 weeks' lay-off over the whole period of employment. He had $70 in the bank and $270 in an investment account with defendant on April 2, 1936. Under such circumstances, dependency upon the deceased was not established. The husband may not fail to support his wife, pay indebtedness, contribute to the support of his mother, establish an investment account, and build up a savings bank deposit, at defendant's expense.

With respect to Bernice, there was no legal obligation on the part of Mr. Rowe to support her. She was not his daughter. There is nothing in the record

indicating he adopted her. The rule which precludes the mother from being a dependent upon her son does not affect Bernice. The department of labor and industry found she was partially dependent on Leon for support, concluding she was supported to a greater or less degree by someone else. The mother testified it took $7 of the extra $12 contributed by Leon "at least" to clothe, feed, school and care for Bernice. There is no finding by the department this amount was actually used for the support of the sister of deceased for the year prior to the death of deceased, nor is it possible for, although $7 of the $12 was used, Leon only contributed $12 for 20 weeks. He sent the $25 a month home for the six months' period of April to October, 1935, when he resided away from home.

The only issue involved is whether the girl, Bernice, was dependent upon Leon as of the date of the accident. The department determined she was, but, since there was no separate finding as to the amount of deceased's contribution to each of the alleged dependents, we think the case should be reversed and remanded to the department for the reason that it disposed of the case upon an untenable legal basis and that it should be disposed of in accordance with this opinion. *Nevels* v. *Walbridge Aldinger Co.,* 278 Mich. 214. The award to Jennie Seivers Rowe should be set aside, the award vacated, and the cause remanded for a separate determination of the amount of deceased's contribution to Bernice who was found to be a dependent.

Wiest, C. J., and Sharpe and North, JJ., concurred with Potter, J.