REQUESTED BY: Senator Jerome Warner 25th Legislative District
You have inquired whether Amendment #0868 to LB 579 (1) unconstitutionally restricts the Governor's appointment of certain members of the Election Board or (2) unconstitutionally infringes on the duties given the Secretary of State in Article III, §§ 2 and 3 of the Constitution of the State of Nebraska. It is our opinion that LB 579, as amended, is constitutionally suspect in its restriction on the Governor's appointment and unconstitutionally infringes on the duties given the Secretary of State in the State Constitution. Amendment #0868 provides in part:
 (1) The State Election Board is hereby created. The board shall be composed of nine members, including the Secretary of State. The Governor shall appoint the members in the following manner:
 (a) One member at large who shall be designated as the chairperson;
 (b) Two members from a list of at least five individuals submitted by the state chairperson of the Democratic Party;
 (c) Two members from a list of at least five individuals submitted by the state chairperson of the Republican Party and;
 (d) One election commissioner or county clerk from each congressional district, and no more than two of such appointees shall be from the same political party.
Article IV, § 10 of the Constitution of the State of Nebraska grants to the Governor the power to make appointments to state offices, and provides in pertinent part:
 The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature. . . ."
In Wittler v. Baumgartner, 180 Neb. 446, 457-458, 144 N.W.2d 62, 70
(1966), overruled on other grounds, State ex rel. Douglas v. NebraskaMortgage Finance Fund, 204 Neb. 445, 283 N.W. 12 (1979), the Nebraska Supreme Court held unconstitutional a manner of selecting directors of a public power district. The court said:
 It is contended that the Act is in violation of the Constitution in that the Act constitutes an encroachment by the Legislature upon the exclusive prerogatives of the Governor in violation of the distribution of powers section of the Constitution. Art. II, sec. 1, Constitution of Nebraska. This contention is based on the limitations imposed on the Governor in the appointment of directors to the grid system board of directors on the establishment of the grid system. The pertinent part of section 6 of the Act provides: "In the first instance the directors of the grid system shall be appointed by the Governor from among the directors of member districts whose management it assumes under the provisions of this act; . . ."
 Under the Constitution of Nebraska the supreme executive power is vested in the Governor. . . . The Constitution further provides that the Governor, with the advice and consent of the Legislature shall appoint all officers whose offices are established by the Constitution, or which may be created by law, and that no such officer shall be appointed or elected by the Legislature. Art. IV, sec. 10, Constitution of Nebraska. . . .
In the Wittler case the Governor's selection was restricted in certain districts to a single individual. The court went on to hold that:
 . . . The right of the Legislature to prescribe reasonable qualifications of one to be appointed to office is not disputed. But the Legislature is prohibited by constitutional provision from appointing officers whose offices are created by law, either directly or indirectly. The provisions of the Act which limit the appointment of grid system directors by the Governor to a certain unnamed individual or to a limited few, is an encroachment by the Legislature upon the powers of the Governor and is void as violative of Article IV, section 10, of the Constitution of Nebraska." (Emphasis added.)
180 Neb. at 460, 144 N.W.2d at 71.
Thus, the language in Amendment #0868 restricting the Governor's appointment of two of the members from a list of at least five submitted by the state chairperson of the Democratic Party and an additional two members from a list of at least five individuals submitted by the state chairperson of the Republican Party raises a question as to the constitutionality of this method of selecting members of the State Election Board. While we cannot say with certainty that this method is per se unconstitutional, limiting the Governor's selection to two members from a group of five submitted by the chairperson of a state political party is, at least, constitutionally suspect. This opinion is in accord with several prior opinions by this office. Most recently opinions Numbered 90026 and 87045 reached the same conclusion on similar issues.
You next ask whether the duties given to the State Election Board unconstitutionally infringe on the duties of the Secretary of State. Article IIX, § 2 of the Constitution of the State of Nebraska, as it relates to the Secretary of State, provides,
 In all cases the registered voters signing such petition shall be so distributed as to include five per cent of the registered voters each of two-fifths of the counties of the state, and when thus signed, the petition shall be filed with the Secretary of State who shall submit the measure thus proposed to the electors of the state . . .
Article III, § 3 similarly provides:
 Petitions invoking the referendums shall be signed by not less than five percent of the registered voters of the state, distributed as required for initiative petitions, and filed in the office of the Secretary of State . . .
 When the referendum is thus invoked, the Secretary of State shall refer the same to the electors for approval or rejection . . .
Amendment #0868 does not effect Neb.Rev.Stat. § 32-704.02 (1990 Cum Supp.) which requires filing of initiative and referendum petitions with the Secretary of State. It does significantly amend § 32-704
(1990 Cum. Supp.) by replacing the Secretary of State with the State Election Board as in § 32-704(5) where the Board instead of the Secretary of State would determine if constitutional and statutory requirements have been met and, subsequently place the petition on the general election ballot.
The Constitution explicitly states that the petitions are to be submitted to the Secretary of State and that he/she, in turn, is to submit the petition to the electors. Implied in the Constitution is the duty of the Secretary of State to see that all petitions "thus signed" or "thus invoked" meet the requirements set out in the Constitution. Generally,
 [T]he duty of the secretary of state to file a petition received from the proper official or person properly prepared and when all the statutory requirements have been fulfilled, is mandatory. His action must be based on the face of the petition as it is received in his office, it being his duty to ascertain whether it complies with the required form . . .
82 CJS Statutes § 129.
The Constitution does not spell out the precise duties of the Secretary of State as far as assuring that petitions meet the requirements of the Constitution. However, in State v. Babcock,19 Neb. 230, 239, 27 N.W. 98, 102 (1886) the Nebraska Supreme Court stated "This rule seems to be fairly deducible from the authorities: that if the constitutional provision either directly or by implication imposes a duty upon an officer or officers no legislation is necessary to require the performance of such duty . . ."
Inheriting the duties of the Secretary of State is the duty to accept initiative and referendum petitions, to determine if they meet the statutory requirements and, if statutory requirements have been met, to present he petition to the electors of the state. These are duties which the people of the state have vested in the elected position of Secretary of State and these duties may not be taken from the Secretary of State except by constitutional amendment. Nor may the Legislature seek to have the State Election Board perform these in addition to Secretary of State. In State ex rel. State Railway Commission v. Ramsey, 151 Neb. 333,37 N.W.2d 502 (1949) the Nebraska Supreme Court held that the Legislature had no power to divest the State Railway Commission of its constitutional jurisdiction by transferring it to another body or jurisdiction.
Similarly, in Ex parte Corliss, 114 N.W. 962 (N. Dak. 1907), the North Dakota Supreme Court held that the Legislature could not vest powers of the State Attorney and Sheriff in an enforcement commission. In the Corliss case, the court distinguished between offices which were set out in the constitution and those which were created by the Legislature. The court determined that the Legislature could abolish those offices which it had created by creating other offices to take their place but the constitutional offices could only be altered through constitutional amendment.
 A constitution being the paramount law of the state, designed to separate the powers of government and to define their extent and limit their exercise by the several departments, as well as to secure and protect private rights, no other instrument is of equal, significance. It has been very properly defined to be a legislative act of the people themselves in their sovereign capacity; and when the people have declared by it that certain powers shall be possessed and duties performed by a particular officer or department, their exercise and discharge by any other officer or department are forbidden by unnecessary and unavoidable implication. Every positive delegation of power to one officer or department implies a negation of its exercise by any other officer, department, or person. If it did not, the whole constitutional fabric might be undermined and destroyed. This result could be as effectively accomplished by the creation of new officers and departments exercising the same power and jurisdiction as by the direct and formal abrogation of those now existing. And, although the exercise of this power by the Legislature is no where expressly prohibited, nevertheless they cannot do so. . . .
 Ex parte Corliss, 114 N.W. at 969-971 quoting from State v.Hastings, 10 Wis. 525 (which held unconstitutional an act providing for the appointment and prescribing the duties of a State Comptroller, upon the ground that this official would have some of the same duties as were vested in the Secretary of State).
 The act, taken altogether, looks like a studied effort to attain indirectly what it was evident to the framers could not be accomplished directly. . . . the functions of that officer cannot in whole or in part, be transferred to, or be exercised concurrently or otherwise by, any other person or officer. It falls directly within the rule that the express mention of one thing implies the exclusion of another. Expressio unius est exclusio alterius. This rule applies as forcibly to the construction of written constitutions as to other instruments. . . .
Id. at 969.
 It seems too obvious for discussion that the framers of the Constitution, in providing for the election of these officers by the people, thereby reserved unto themselves the right to have the inherent functions theretofore pertaining to said offices discharged only by persons elected as therein provided. Naming of these officers amounted to an implied restriction upon legislative authority to create other and appointive offices for the discharge of such functions. If this is not true, then of what avail are the provisions of the Constitution above referred to? These constitutional offices can be stripped of a portion of the inherent functions thereof, they can be stripped of all such functions, and the same can be vested in newly created appointive officers, and the will of the framers of the Constitution thereby thwarted. The fact that these appointive officers might or would discharge the duties better than the officers provided for in the Constitution is not material. If these latter officers fail to discharge their duties, and it is desirable to provide for other officers to perform such duties, the remedy is with the people. They may amend the Constitution or, through the power delegated to the legislative assembly, provide for their removal of office which has been done. . . .
Id. at 964.
The Constitution of the State of Nebraska is clear that all initiative or referendum petitions are to be filed with the Secretary of State. When said petitions are filed according to the Constitution, and the Secretary of State has determined that they are in conformance with the requirements set out in the Constitution, then it is the duty of the Secretary of State to present these issues to the electors. The people of the State of Nebraska have determined that the Secretary of State shall have the duty of accepting the filing of the petition, and presenting it to the electors. The Legislature may not abrogate the duties of the Secretary of State by giving constitutionally prescribed duties to another elected official or, as with the proposed State Election Board, to an appointive body for which the people do not vote.
Based on the above discussion, it is our determination that any attempt by the Legislature to give the State Election Board the duty to place initiative or referendum petitions on the ballot is clearly unconstitutional. Such action on the part of the Legislature would unconstitutionally infringe on the duties of the Secretary of State as set out in Article III, §§ 2 and 3 of the Constitution of the State of Nebraska. It is less clear whether vesting the Election Board with the power to determine the validity and sufficiency of petition signatures would be unconstitutional but it is our determination that such action would be, at least, constitutionally suspect.
Please be advised that this opinion addresses only the questions you have asked regarding the constitutionality of Amendment 0868. We have not attempted to make a comprehensive review of the constitutionality of the entire amendment.
Very truly yours,
 DON STENBERG Attorney General
 Linda L. Willard Assistant Attorney General
cc: Patrick O'Donnell
28-1-7.1
APPROVED BY:
______________________________ Don Stenberg, Attorney General